JOHN L. HICKMAN v. HENRY GILLUM ET AL.

(Case No. 5593.)

1. EVIDENCE—WILL—CERTIFIED COPY—When a certified copy of a duly recorded will is introduced in evidence, there is no necessity to account for the original; the certified copy is of equal dignity, as evidence, with the original. (P. D., 5372; R. S., 4875, 4876.)

2. SAME—REVISED STATUTES, ARTICLE 2257—CONSTRUCTION—The requirements of Art. 2257, R. S., in reference to instruments permitted or required by law to be recorded, do not apply to such a case.

3. EVIDENCE—See opinion and statement of facts for evidence properly admitted.

4. OWNERSHIP—EVIDENCE—The name of the grantee in a grant of land was borne by two persons, both long dead. Plaintiff claimed under one and defendant under the other. *Held*, Testimony was admissible to show that one of these persons claimed the land and exercised acts of ownership over it for a number of years, and afforded strong evidence that she was the person intended to be named in the grant.

5. SAME—See opinion for a grant held to have been properly admitted in evidence.

6. MEXICAN GRANTS—TITLE—HOW VESTED—The execution of a protocol by the commissioner, which he kept, and the delivery of a testimonio to the grantee, vested a perfect title in the grantee under the Mexican law.

7. CHARGE—See opinion and facts for special charges properly refused.

APPEAL from Milam. Tried below before the Hon. W. E. Collard.

The opinion states the necessary facts. The first special charge asked and refused, was: "If you believe that the title was granted to the Maria Josefa Delgado that plaintiffs claim title under, you will find for the plaintiff, notwithstanding the testimonio may have been delivered to some other person."

The third special charge asked and refused, was: "If the evidence shows that there were two persons of the name of Maria Josefa Delgado, and one of them resided in Robinson colony at the time of the issuing of the title, and the other did not, then the presumption of law is that the one residing in Robinson colony is the one for whom the title was issued."

The last assignment of error was: "The verdict of the jury and judgment of the court is contrary to the law and the evidence in the case."

*Coopwood, Chandler & McGregor*, for appellant, on evidence, cited: 1 Greenl. on Ev., secs. 151, 157; 28 Tex. 334.

As to the judgment being supported by the verdict, they cited. Laws of Coahuila and Texas, p. 11, arts. 10, 13, 22, p. 267, sec. 2; Hobby's Land Law, top p. 904, sec. 10, and pp. 909, 911; Harlan *v.* Haynie, 9 Tex., 461; Robertson *v.* Teal, 9 Tex., 347; Williams *v.* Talbot, 27 Tex., 168.

*Leake & Henry*, for appellees, cited: Styles *v.* Gray, 10 Tex., 503; Johnston *v.* Smith, 21 Tex., 722; Todd *v.* Fisher, 26 Tex., 239.

WILLIE, CHIEF JUSTICE.—This suit was brought by Hickman to recover of Gillum and others a tract of land originally granted to one Maria Josefa Delgado by Wm. H. Steele, commissioner appointed to issue titles to colonists under the Nashville company's colonization contract. Each party claimed under a person bearing the name of Maria Josefa Delgado, the plaintiff showing title under a person of that name, who was at the date of the grant the wife of one Francisco Martinez, and the defendants showing title under a person of the same name, who, at the date of the grant, was the widow of one Curbelo. To which of these women the grant was made was really the only question before the court and jury upon trial of the cause below.

The plaintiff, however, objected to the introduction, by the defendants, of a certified copy from the county court of Bexar county of the will of Maria Josefa Delgado, accompanied by a certified copy of the proceedings of the court in which the will had been probated. This was one of the muniments of the title of defendants, and in addition to some objections to it which do not require consideration, it was urged that the will was detached from the proceedings of the court before whom it was proven, and that it had not been filed among the papers of the cause, and three days' notice thereof given, nor was it shown why the original was not produced.

The record does not show that the will was thus detached, and, if so, how or for what reason this was done. The will might, under some circumstances, properly go to the jury though temporarily severed from the other papers. So far as the record shows, it seems to have been regularly probated and recorded in Bexar county, and a certified copy registered in Milam county, where the land lay. There was no necessity to account for the original. The law accounted for it by requiring that it should be kept on file in the county court of Bexar county, and made a certified copy from the clerk of that court of equal dignity as evidence with the original. P. D., 5372; R. S., 4875, 4876.

The requirements of R. S., art. 2257, in reference to instruments permitted or required by law to be recorded, do not apply to such a case. All bills of exception saved by the plaintiff to the introduction of other testimony by the defendants may be classified and disposed of in a few words. All objections that were raised to the statements of witnesses as to the contents of papers, were either untenable because the papers were lost or mislaid, or were removed by the production of the papers themselves in evidence. Thus, the receipts for taxes and government

dues which were handed to Lee by Maria Josefa Delgado, and by him' delivered to Gillespie, and which afterwards came into the possession of Upshur, were shown to have been mislaid, so that upon diligent search they could not be found. It was also fully shown by other evidence, not contradicted, that all taxes upon the land had been paid by this Maria Josefa Delgado and those claiming under her.

The power of attorney from her to Smith, as also the one from her daughter, Manuela and husband to Upshur, and the receipt and letter of Upshur to Sayles, were all put in evidence after proper proof of handwriting; also the partition deed signed by Upshur, as attorney for Manuela and her husband, and by Lee and his wife.

As to all objections made to the relevancy of testimony to prove title in the Maria Josefa Delgado under whom defendants claim, it is fully shown by the bills of exception, that this testimony was rejected by the district judge as evidence of title, but was permitted to go to the jury, only as evidence of an assertion of the claim to the land by the defendants and those under whom they claimed, and of the exercise of ownership over it by them. Whilst the fact that a party asserted that land belonged to her would be no evidence of title, yet it would be the best possible evidence that she claimed it. And when, as in this case, the grantee of land has a name which is borne by two persons, the fact that one of these has claimed the land continuously from the date of the grant, and exercised acts of ownership over it for a long series of years, and the other has done nothing of the sort during the whole of the time, affords strong evidence that the former was the person intended to be named in the grant. If such facts are to be excluded, especially when, after a lapse of a long period of time, all proof of the identity of the grantee, through witnesses having a personal knowledge of the facts attending the grant, is lost, the jury must necessarily be deprived of almost all proof whatever upon the subject. This is illustrated by the present case. One of the Delgados constantly asserts that she is the owner of the grant, gives a power of attorney for the purpose of having it sold for her benefit, pays all the taxes on it, authorizes another party to look after it for her, devises it, or a portion of it, by name in her will; her devisees still continue to claim it after her death, pay all taxes on it, give powers of attorney in reference to it, partition it among themselves, defend a suit for its recovery by other parties, apply to the government and receive an augmentation of a labor to make out the quantity to which the grantee, under whom they claim, was entitled under the laws of the republic, and employ attorneys to bring suit against trespassers upon the land, and one of these suits is prosecuted to a successful termination. All

these and the additional acts shown to have been performed by the parties under whom defendants claim, are circumstances to be taken into consideration in determining who is the party that sets up claim to the land; and when taken in connection with the fact that the Delgado under whom the plaintiff claimed, did not for forty years give any one of these proofs, or any other, of her claim, certainly and properly had great weight with the jury in determining who was the rightful grantee of the land.

The exception to the admission of the grant to Francisco Martinez was not well taken. If Martinez had already received a grant of land it afforded some proof, though it may have been slight, that his wife had not received one in the Nashville colony. The plaintiff relied strongly upon the fact that the Delgado, under whom the defendants claim, had never lived in Steele's municipality, and was therefore not entitled to a grant of land from him. The defendants should have been allowed to show, in addition to other disqualifications of the other Delgado, that she could not receive a headright grant of land because it had already been given to her husband.

The charge of the court, taken as a whole, was a fair presentation of the law of the case, and not calculated to mislead the jury. There is no doubt but that the title of the land vested in the person of the name of Maria Josefa Delgado, for whose benefit the grant was made, and to whom the original testimonio was delivered. Grants of land of this character by the Mexican authority were made by the execution of a protocol by the commissioner, which he kept, and by the delivery of a testimonio to the grantee. These two acts vested a perfect title in the grantee. But the court did not say that it required both of these in this case to pass title to either of the Delgados who laid claim to the land. On the contrary, he instructed them that if they believed, from the evidence, that the grantor in the deed to the plaintiff was the very person for whose benefit the original grant was made, they would find for the plaintiff, and repeated this same instruction in the latter part of his charge. This did not require that, in addition to the fact that the grant was made for the benefit of plaintiff's grantor, the testimonio should also have been delivered to her. The jury were, in effect, instructed to find for the plaintiff if the first fact existed, whether the other did or not. There was, therefore, no necessity for the first special instruction asked by the plaintiff.

The third special charge was properly refused. If given in the language as asked, the jury would have inferred that because one of the Maria Josefa Delgados was in the colony, as the wife of a soldier, at the time the grant issued, and the other was outside of its limits,

the law presumed that the grant was made to the former.    There was no such presumption of law under the facts of this case.    The proposition made by the appellant under the assignment of error relating to the refusal of this charge is doubtless good law, but it is not pertinent to the assignment of error.    When two persons of the same name are claiming the same grant, one of whom was a colonist, and the other not, the law may presume that the grant was intended for the former. But such was not the charge, nor is such the case made by the evidence.   Neither of the Delgados was a colonist in the Nashville colony. One was not, under the law, entitled to a grant of land any more than the other.    We know of no law giving to the wives of soldiers doing duty at a garrison in a colony the right to have grants of land issued to them.    None of the sections of the laws of Coahuila and Texas, referred to by counsel for appellant, sanction such a grant. Steele would have stretched his authority as much in the one case as in the other.

There was, under the facts of this case, no legal presumption in favor of the one party, more than the other.    The grant to either was illegal,  but cannot for that reason be questioned in this case by the other ; provided it was intended for the party to whom it was actually made.    Styles v. Gray, 10 Tex., 503; Johnston v. Smith, 21 Tex., 722; Ruis v. Chambers, 15 Tex., 590; Todd v. Fisher, 26 Tex., 239; Howard v. Colquhoun, 28 Tex., 134.

The jury were no doubt authorized to take into consideration the fact that the plaintiff's grantor resided temporarily in the colony at the date of the grant; but the court had no right to found upon it any presumption of law under the circumstances of this case.    What we have said disposes of all the remaining assignments of error, except the last, and that is in violation of the rules, and cannot be considered. It is, however, proper to say that the evidence seems to preponderate greatly in favor of the verdict, and there being no error in the judgment, it is affirmed.

                                                        AFFIRMED.

[Opinion delivered May 25, 1886.]