## Charles Russell et al. v. Thomas J. Oliver.
### No. 6703.

**1. Probate of Will, Evidence of.**—It is no ground for excluding the probate of a will that the transcript shows that the probating witnesses were sworn to their testimony before an officer styled "Clk. P. C. M. C." The action was taken in the Probate Court of Montgomery County, Republic of Texas, March Term, 1844. It will be presumed that the officer was *clerk of the Probate Court of Montgomery County.*

**2. Probating Testimony to Will.**—While the testimony is required to be reduced to writing and to be sworn to, it is not required that it be authenticated by the seal of the clerk swearing the witnesses. The omission of a seal in no way affects the probate.

**3. Motion for New Trial.**—Such motion was based on newly discovered evidence, viz., transfers of the certificate under which the land was located, made by the parties under whom the plaintiff claims. The transfers were found in the General Land Office, one of date 1844, the other 1847. The motion was supported by affidavit of an attorney for Swenson, one of the defendants, who was alleged to reside in New York. The motion was overruled. *Held,* the motion was insufficient:

1. In not showing diligence on part of Swenson.
2. In not charging notice upon plaintiff of the outstanding claims.
3. Private transfers on file in the Land Office do not operate as notice.

**4. Judgment in Favor of Tenant in Common.**—It was not error to render judgment in favor of one tenant in common proving ownership of half interest against defendants having only possession without limitation.

**5. Identity of Name.**—*Yarbery* and *Yarbro* may be considered *idem sonans.*

Appeal from McLennan. Tried below before Hon. Eugene Williams. Suit by Oliver in trespass to try title against Charles Russell and S. M.

Swenson for one undivided half of 450 acres of land, patented 28th April, 1875, to J. B. Tong, by virtue of his donation warrant No. 539.

Defendant pleaded not guilty. Plaintiff read in evidence the patent to Tong; certified copy of the will of J. B. Tong in favor of his wife Rhoda Tong, dated November 16, 1843, from the records of Montgomery County, Texas, witnessed by John McCreary, Thomas W. Hoy, and Harvey N. Spillers. Proof that J. B. Tong was dead; that he left his wife Rhoda Tong surviving him and no children; that she married Mathew Yarbery; that she died without issue in 1853, leaving surviving her her husband, who also died on about 23d March, 1885. It was not shown whether she had any brothers or sisters or their descendants at her death. Plaintiff also read in evidence deed for the land by Mathew Yarbro, reciting that he was the surviving husband and sole heir of Rhoda Yarbro, formerly Rhoda Tong, deceased, to plaintiff Thomas J. Oliver to the land in controversy, dated January 12, 1884.

Defendant Swenson deraigned title:

1. By deed from H. W. Tong as the only surviving heir of J. B. Tong, deceased, to John Stringer, on an expressed consideration of $2000 paid, dated December 25, 1877, duly recorded in McLennan County March 20, 1884.

2. Deed dated 31st day of October, 1878, by Mary E. Wilson, her husband Wm. M. Wilson, and H. Dignan, the said Mary E. Wilson and H. Dignan claiming to be nieces of John B. Tong, children of his sister Elizabeth Gooch, formerly Tong, to John Stringer, the deed being in the nature of a release upon consideration of $1; recorded the 4th day of January, 1879.

3. Deed of John Stringer to defendant Swenson, dated 23d day of February, 1879, upon an expressed consideration of $2000 paid, recorded in Montgomery County, Texas.

The certified copy of J. B. Tong's will, from the probate records of Montgomery, where it was probated, shows that the oath of the witnesses was made before " W. H. Fowler, Clk. P. C. M. C."

Other facts are in the opinion.

*Clark, Dyer & Bolinger*, for appellants. — 1. The purported will of John B. Tong was not shown to have been properly probated under the law of December 20, 1836, in force March, 1844, when said will was attempted to have been probated; and the oath of the witnesses on which such probate was made was made before " W. H. Fowler, Clk. P. C. M. C.," without further designation of such person so administering such oath, and is therefore insufficient and not shown to have been made before an officer authorized to administer oaths. Hart. Dig., arts. 252, 257.

2. The motion for new trial of defendants disclosing newly discovered evidence after the trial, and showing the proper excuse for exercise of

diligence in not ascertaining the existence of such evidence before the trial and production thereof at the trial, and such evidence showing a want of title in plaintiff and also an outstanding superior title, should have been granted and it was error not to grant same.

On question of new trial on newly discovered evidence. Wolf v. Mahan, 57 Texas, 171; Railway v. Forsyth, 49 Texas, 178.

On question of outstanding superior title. Adams & Wicks v. House, 61 Texas, 641, and authorities cited.

3.   Plaintiff's proof shows that John B. Tong, the original grantee of the tract of land sued for, died without issue in 1840, leaving a widow, Rhoda Tong, who afterwards married, in the year 1843, M. Yarbery; that she died in 1853 without issue, leaving surviving her Mathew Yarbery, and plaintiff claims under a deed made by "M. Yarbro." There is no proof identifying the "Mathew Yarbro" under whom plaintiff claims as the "Mathew Yarbery" who married Rhoda Tong, widow and heir of John B. Tong, and the names are not *idem sonans,* and therefore plaintiff's title in the manner made is not sufficient to sustain the judgment of the court.   Faver v. Robinson, 46 Texas, 204; Shipman v. Fulcrod, 42 Texas, 248; Shields v. Hunt, 45 Texas, 427.

4.   Whilst a tenant in common or part owner who sues for the recovery of title of the whole of a tract of land may recover the title to the whole, still a person suing for title for only half can not have a recovery of title for the whole.   An examination of the cases announcing the rule that a tenant in common can recover all sued for, even where the evidence discloses a right only to part, will disclose no case in which a part of a tract of land has been sued for and a recovery of title adjudged beyond that actually sued for.   Ney v. Mumme, 66 Texas, 269; Sowers v. Peterson, 59 Texas, 221; Pilcher v. Kirk, 55 Texas, 210.

*Anderson, Flint & Anderson,* for appellee, controverted the propositions made by appellants and discussed the facts.

COLLARD, JUDGE.—The first assignment of error is, " The court erred in admitting in evidence the certified copy of the will of John B. Tong for the reasons urged against it as shown in bill of exceptions."

The objections were, " Because the proof taken of the witnesses T. W. Hoy and Harvey N. Spillers, purporting to be subscribing witnesses, was not shown to be taken before any person authorized to take the oath of said parties as witnesses, the same appearing to have been sworn to before W. H. Fowler, who styled himself ' Clk. P. C. M. C.,' without attesting his act by any seal; and for the further reason that the county clerk of Montgomery County, Texas, was the only person under the law then in force who could take the proof of the subscribing witnesses, which was not shown to have been done."

The affidavit began as follows:

"*Republic of Texas, County of Montgomery—Probate Court, March Term, 1844.*—Came personally into open court Thomas W. Hoy and Harvey N. Spillers, who are well known to the court, who being duly sworn under oath depose," etc. The jurat is as follows:

"Sworn to and subscribed before me, March 25, 1844.

"W. H. FOWLER,

"Clk. P. C. M. C.,

"THOMAS W. HOY,

"HARVEY N. SPILLERS."

At the time the will was probated the chief justice of the County Court was made and styled the judge of probate (Hart. Dig., art. 252), and the clerk of the County Court was made and styled clerk of the Probate Court. Hart. Dig., art. 257.

The official capacity of the officer who swore the witnesses to the proof of the will is sufficiently designated by the abbreviation and the letters following his signature. The affidavit was taken in open Probate Court, and it will be inferred that the jurat was made by the clerk of the Probate Court of Montgomery County as indicated by the letters.

Discussing this subject, Justice Moore, in the case of McDonald v. Morgan, 27 Texas, 506, says: "From the foundation of our government it has and continues to be the general habit and custom with such officers, as well as those of almost every grade, to use parts of words or letters to indicate the official capacity in which they are acting."

We find no authority, and none has been cited by the learned counsel for appellants, that the act of the clerk swearing witnesses or taking affidavits in open court in a judicial proceeding must be authenticated by the seal of the court. The law now requires, as it did in 1848, that where the proof of the execution of a will is made by affidavit in open court it should be subscribed by the witnesses, filed and recorded by the clerk. Rev. Stats., arts. 1847, 1853; Pasch. Dig., art. 1262.

All the testimony taken in the proof of a will in open court must be subscribed by the witnesses in open court, filed and recorded by the clerk; but there is and has never been, that we are able to find, a requirement that such testimony taken by affidavit or otherwise must be attested by the seal of the court.

Defendants filed a supplemental motion for a new trial based upon newly discovered evidence, which was overruled by the court. Error is assigned upon the ruling.

The newly discovered evidence is: 1. A transfer of the certificate No. 539 (by virtue of which the land in controversy was located) by John B. Tong, the original grantee, to Elias Moss for a consideration of $100, dated January 6, 1844, duly acknowledged by Tong on the same date. In support of the motion defendants produced in court a certified copy of the

transfer from the Commissioner of the General Land Office, the original of which was on file in the office.

2.   A certified copy of the original certificate with the endorsements thereon by the Commissioner of the General Land Office.   The endorsements are a transfer of the certificate for a valuable consideration to Martin D. Taylor, signed by Rody × Yarbery, witnessed by William Prewett, dated February 15, 1847, not proved or acknowledged; and another transfer of the certificate by Martin D. Taylor to William Prewett for a valuable consideration, of date 15th of February, 1847, not proved or acknowledged.

The certificate is a donation warrant for 640 acres of land to John B. Tong for services at the battle of San Jacinto.   There is a stipulation in the warrant that it can not be sold, alienated, or mortgaged during the lifetime of the grantee.   The will of Tong bequeathed the certificate to Rhoda, his surviving wife.   It was proved that Tong died without issue; that his wife married Mathew Yarbery and died without issue in 1853, leaving her husband surviving her, who, after conveying the land in controversy to plaintiff Oliver, died on the 23d of March, 1885.   The certified copies of the transfers of the certificate were produced as exhibits A and B in support of the motion for a new trial, to show that there was an outstanding title which would preclude a recovery by plaintiff.

Defendants as a part of said motion for new trial appended affidavit of John L. Dyer, counsel for defendants, showing that the foregoing facts were newly discovered, and discovered after the trial of said case and could not have been known or discovered by the exercise of any reasonable diligence prior to the trial of this cause; that he had the chief management of this suit; that on the trial of this cause certain proof was developed concerning the said certificate—its former location; that on the day of the trial of said cause counsel for defendants wrote to the Commissioner of the General Land Office of Texas for a certified copy of said land certificate and all endorsements thereon and transfers, if any, connected therewith, and was on the day before said motion for new trial was filed furnished with said exhibits A and B, filed with said motion for new trial, which was the first time counsel for defendants was made aware of the transfers of said land certificate; that plaintiff's action did not necessarily put defendants on notice of transfers behind the patent of said land certificate, and that they, counsel for defendants, in the exercise of ordinary and reasonable diligence could not well have learned or anticipated said facts, which counsel for defendants believe presents a valid legal defense of outstanding legal title in third parties and other than plaintiff.

We do not think it was error to overrule the motion for a new trial.   It is nowhere stated in the motion that plaintiff had notice of the transfers in the Land Office at the time he purchased from Mrs. Yarbery or Yarbro, nor is it alleged that he had not paid a valuable consideration for the land.   The motion does not state facts showing he was not an innocent

purchaser and as such might recover, notwithstanding the outstanding title. He was not bound to take notice of the existence of the transfers. One would be bound to know of the existence of such original titles as are in the General Land Office, but not of private transfers deposited or on file there.

In addition to this, the application does not show that defendants had no knowledge of these transfers before the trial. Because Swenson resides in New York is no reason why he should not know of the transfers. The affidavit of the attorney is sufficient in respect to his own want of information of their existence, but insufficient in respect to that of defendants. Hill. on New Trials, 499.

Appellants contend that plaintiff does not show himself entitled to the land because his deed is signed by one " M. Yarbro " and not " Yarbery," who is shown to have been the surviving husband of Mrs. Tong. It was in proof by witness Spillers that Mrs. Tong was married to Mathew Yarbery; that she died without issue in 1853, leaving her husband surviving her, who also died in 1885. The deed to plaintiff is signed " Mathew Yarbro," and it recites that he was the husband and sole heir of Rhoda Yarbro, formerly Rhoda Tong, deceased. This recital identifies Yarbro as the same person called Yarbery by the witness Spillers. The names if not *idem sonans* at least sound very much alike. The recital in the deed explains the apparent discrepancy.

Plaintiff in his petition claims to be the owner of one undivided half of the land, describing the whole tract; he prays " for judgment for the recovery of said land, and (that) the title to the same " as against defendants, for costs, and for general relief. The judgment is that the plaintiff do have and recover of defendants the tract of land, describing it, and that writ of possession issue, *et cet.*

Defendants complain that plaintiff suing for only one-half could only recover title to one-half. It is not clear from the language of the petition that the suit was for the recovery of one-half, simply an undivided half. It is alleged that he is owner of such interest. At Mrs. Yarbro's death without issue one undivided half of the land descended to her husband Mathew, and if he was, as stated in his deed to plaintiff, her sole heir—that is, if she left surviving her no issue, no father, mother, or sister or brother or their descendants—he would have inherited the whole estate. In either event he would have sufficient title to recover of defendants, who have no title, the whole of the land. Sowers v. Peterson, 59 Texas, 220, 221; Ney v. Mumme, 66 Texas, 269.

We conclude that the judgment ought to be affirmed.

*Affirmed.*

Adopted June 17, 1890.