## S. J. CLEMONS ET AL. V. L. J. CLEMONS ET AL.

### No. 674. Decided May 23, 1898.

**1. Community Property—Estate—Homestead—Partition.**

Under the law in force in 1872 the half interest of the husband in the homestead, community property of a former marriage, vested in his heirs, subject to the use of his widow and minor children during administration, and, the estate being solvent, the homestead should have been partitioned with the rest of the estate. Such vested interest was not affected by the subsequent adoption of article 16, section 52, of the Constitution of 1876. (P. 70.)

**2. Same.**

The balance of the estate having been partitioned in 1872 between the heirs of the first and those of the second marriage, leaving the homestead in the possession of the widow and minor children, without compensating her for her life interest in one-third of one-half of the other real property, a proceeding for the partition of the homestead in 1897 should have adjusted the equities between the parties on the same basis as if made in 1872. (P. 71.)

**3. Same.**

The widow was not entitled in such partition to complain of a judgment which, without compensating her for her life estate in the other lands, awarded her a life interest in one half of the homestead, which appeared to be more than she would have been entitled to on compensation for her interest in the other property; and the appellees, children of the first marriage, not complaining of such judgment, were entitled to an affirmance. (P. 70.)

**4. Same—Case Approved in Part.**

The judgment of the Court of Civil Appeals in this case reversed in accordance with above ruling, its decision in other respects being approved. (P. 71.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Washington County.

Suit for partition by L. J. Clemons et al., heirs of Ira Clemons and his first wife, against S. J. Clemons et al., his widow, and his children by her, for partition of homestead. Defendants appealed from the judgment, and upon a decision by the Court of Civil Appeals reversing and rendering judgment appellees obtained writ of error.

*Buchanan & Henderson,* for plaintiffs in error.—The District Court sitting as a probate court only had jurisdiction to decree a division of the estate of the deceased person whose property was under consideration, and no property except that embraced in the administration of the estate pending could be distributed or partitioned by such probate court, and any order made by such court embracing property not included in such estate would be void. Putnam v. Young, 57 Texas, 461; Hoffman v. Hoffman, 79 Texas, 193; McDougal v. Bradford, 80 Texas,

558; Gilliam v. Null, 58 Texas, 299; Caruth v. Grigsby, 57 Texas, 259; Pressly's Heirs v. Robinson, 57 Texas, 453.

The District Court had no jurisdiction to enter a decree partitioning the 182 acres in controversy, but if said court could have done so, it would have required an order and decree to that effect to have been entered on the minutes of the court. Rev. Stats. 1879, art. 2114.

Under the law of 1848 the probate court only had jurisdiction of the estate of Ira Clemons, and property inherited by plaintiffs from their mother was not a part of Ira Clemons' estate, and all orders made in the administration of Ira Clemons' estate, which related to such property not a part of his estate, were absolutely void. Bradley v. Love, 60 Texas, 472; Hoffman v. Hoffman, 79 Texas, 193; McDougal v. Bradford, 80 Texas, 558; Redding v. Boyd, 64 Texas, 498; Pressley's Heirs v. Robinson, 57 Texas, 453; Putnam v. Young, 57 Texas, 461; Caruth v. Grigsby, 57 Texas, 259; King v. Gilleland, 60 Texas, 271.

Title to land cast by descent from the mother to the heirs can not pass by virtue of an order of the probate court rendered in the administration of the deceased father's estate. Title to such interests can no more pass by virtue of orders of the probate court adjudging the land to belong to the father's estate, than could title to the lands of a stranger. An order of the probate court setting aside as a homestead land inherited by the children of a first marriage from their mother, is absolutely void, and conveys no title or right of possession. Bradley v. Love, 60 Texas, 472; Hoffman v. Hoffman, 79 Texas, 193; McDougal v. Bradford, 80 Texas, 558; Redding v. Boyd, 64 Texas, 498; Pressley's Heirs v. Robinson, 57 Texas, 453.

*Searcy & Garrett* and *T. B. Botts,* for defendants in error.—The District Court having jurisdiction of the cause under the Constitution, its jurisdiction was coextensive with any question or issue necessary or proper to be ascertained or determined upon a final settlement between the parties of the subject matter. The court had jurisdiction and power to make final distribution and an equitable partition of the whole estate among all parties interested, all being before the court. Const. 1869, art. 5; sec. 7; Act of August 15, 1870; 3 Sayles' Early Laws, art 3484; Oglesby v. Forman, 77 Texas, 647.

The estate of Ira Clemons being solvent, the homestead and other exempt property, except year's allowance to the widow, was subject to partition and was properly considered in the division and final distribution of the estate. Pasch. Dig., arts. 1305-1304; Singletary v. Hill, 43 Texas, 590; Rogers v. Trevathan, 67 Texas, 409.

The proceedings in the administration, partition, and distribution of the Clemons estate were had under the law of 1848, which, in cases of solvent estates, contemplated the partition and distribution of the whole estate including the homestead and other exempt property. The defendant Sarah J. Clemons, having released her interests in other property to more than the value of the plaintiff's interest in the home-

stead, and they having received and appropriated the same, she became entitled to the place discharged of their interest. Const. 1869, art. 5, sec. 7; Sayles' Early Laws, art. 3484, secs. 137 to 143; Singletary v. Hill, 43 Texas, 589.

The District Court having original jurisdiction of the Clemons estate for all purposes, including partition thereof, and all parties being before the court consenting, its judgment regularly rendered vesting the home place in appellant, Sarah J. Clemons, in 1872, no objection being made thereto, was and is binding on all parties. Especially is this true as to the appellees, who, at the time of the division of the estate, received and appropriated property that appellant Sarah J. Clemons was entitled to, but which she released on faith of getting the home place in lieu of it, and appellees have had use and benefit of the same for twenty-five years and make no offer to account therefor. Stephenson v. Marsalis, 11 Texas Civ. App., 162; McGowan v. Zimpelman, 53 Texas, 479; Pearce v. Jackson, 84 Texas, 515; Pearson v. Cox, 71 Texas, 246; Saunders v. Howard, 51 Texas, 26; 11 Texas Civ. App., 230; 24 S. W. Rep., 371.

A suit for partition is an equitable proceeding, and a court of equity in making partition of an estate has the power and will adjust all the equities growing out of the common interests of the parties according to the full exigency of the case. The court will invoke the principle that he who seeks equity must do equity. The appellees having received and appropriated property which appellant relinquished for this land, they can not in a court of equity ask for a division of this land without returning to appellant what they got from her on faith of her taking this land. 17 Am. and Eng. Enc. of Law, 753-757; Pearson v. Cox, 71 Texas, 250; Saunders v. Howard, 51 Texas, 26.

BROWN, Associate Justice.—Ira Clemons died intestate in April, 1870, leaving surviving him Sarah J. Clemons, who was his second wife, and his children by her and by his former wife, the plaintiffs in error being the children by the first wife, and the codefendants of S. J. Clemons being her children by him. Administration upon the estate of Ira Clemons was granted to David B. Williams in September, 1870, who qualified as administrator in October of that year. The estate was administered in the District Court of Washington County, which at that time had jurisdiction of estates of deceased persons.

Upon application of Mrs. S. J. Clemons the District Court set apart to her and her minor children as a homestead 182 acres of land upon which she and Ira Clemons lived at the time of his death. The estate consisted of some personal property and of the 182 acres set apart as a homestead and 3000 acres of land situated in Burleson County. Both tracts of land were community property of Ira Clemons and his first wife. The estate was solvent.

On June 20, 1872, Mrs. S. J. Clemons as next friend of her minor children, joined by the other children of Ira Clemons, filed a petition in the District Court representing that the estate was ready for partition,

and that it consisted principally of 3000 acres of land situated in Burleson County, and prayed for partition of the 3000 acres tract. The court appointed special guardians for the minor children and proceeded to hear and pass upon the application for partition. The court found that the 3000 acres sought to be partitioned was the community property of Ira Clemons and his first wife, and decreed that it be equally divided, and that one-half thereof be set apart to the children of Ira Clemons' first wife and be divided between them, share and share alike, and that the other half of the 3000 acres tract be divided between all of the children of Ira Clemons, giving to each a one-fourteenth part. The decree contains the following recital: "And it further appearing that Sarah Jane Clemons, widow of Ira Clemons, deceased, is entitled to a life estate in one-third of one-half of the said tract of land, by consent it is ordered that the commissioners hereinafter appointed to view and appraise the value of her life interest in said one-third of one-half of said land, the assessed value to be settled on a partition and division of the homestead." The court appointed commissioners to partition the 3000 acres, who reported that they had partitioned the same in accordance with the order of the court, except that the report in nowise mentioned the interest of Mrs. S. J. Clemons, nor did it state the value of her life interest in the one-half of the land.

Mrs. S. J. Clemons and her minor children continued to occupy the entire 182 acres of land in Washington County as a homestead, having the exclusive use of it and paying taxes on it until a short time before the suit was filed.

February 9, 1897, the plaintiffs in error, the children of the first wife of Ira Clemons, filed this suit against S. J. Clemons and her children for a partition of the 182 acres tract, plaintiffs claiming the one-half interest to which they were entitled as heirs of their mother, and their interest in the other half of the homestead tract.

Among other defenses, Mrs. S. J. Clemons pleaded specially that at the time of the partition in the District Court of Washington County the 182 acres of land which had been set apart to her and her minor children as a homestead were awarded to her in the partition in lieu of her interest in the personal property which belonged to the estate and of her life interest of one-third in the one-half of the 3000 acres tract which was divided among the children of Ira Clemons. She alleged that the homestead was valued upon the inventory at the sum of $2184, and that the 3000 acres tract of land was valued upon the inventory at the sum of $1500. She does not deny that the interest of the plaintiffs in the one-half of the homestead tract which the court set apart to her was at the time of the partition of value equal to ten-fourteenths of her interest in the Burleson County land. There was no proof of the alleged setting apart to her of the 182 acres of land in fee at the time of the partition had in 1872, and she does not in her plea ask that she may be reimbursed in the partition of the lands in this

suit for her life interest in the Burleson County land which was given to the plaintiffs. Mrs. Clemons and her minor children had the use of the entire homestead for about twenty-five years after the partition was made.

Upon trial before the district judge without a jury, the following judgment was entered: "It is therefore ordered, adjudged, and decreed by the court, that said above described land be partitioned and divided in accordance with the respective interest of the parties entitled thereto as above set forth; that said land be equally divided into two parts, and the one-half of said land owned by the plaintiffs and which is now subject to partition be allotted to the plaintiffs in one tract, and the other one-half of said land not now subject to partition be allotted to the defendant Mrs. Sarah J. Clemons according to her life estate in and right of possession thereto;" which judgment was reversed by the Court of Civil Appeals and the following judgment entered in lieu thereof: "This cause came on to be heard on the transcript of the record, and the same being inspected, because it is the opinion of this court that there was error in the judgment, it is therefore considered, adjudged, and ordered that the judgment of the court below be reversed; and this court proceeding to render such judgment as the court below ought to have rendered, it is ordered, adjudged, and decreed that the commissioners in the partition of the 182 acres homestead tract, between appellants and appellees, must take into consideration the value of the life estate of Mrs. S. J. Clemons in one-third of the 1500 acres at the time of the partition thereof in 1872, as well as the value of the 182 acres at said time, and that said land be divided according to quality and quantity; that the appellees, L. A. Clemons, Elizabeth Phears, Emma Wilks, Merrill Wilks, Lou Roots, Tom J. Roots, Addie, Josie and J. R. Clemons, M. J. Williams, D. B. Williams, Catherine Estes, J. L. Estes, A. H. Phears, M. N. Clemons, Georgia Clemons, Mattie Rogers, James Rogers, N. A. Hooper, and Leslie Hooper, pay all costs of this appeal; that the costs of the court below be paid equally by appellants and appellees, and this decision be certified below for observance."

The District Court erred in holding that one-half of the 182 acres was not subject to partition in this suit, because under the law which was in force at the death of Ira Clemons his half interest in the homestead vested in his heirs subject to the use of his widow and minor children during administration upon his estate, and that estate having proved to be solvent, the homestead should have been partitioned at the time the other property was divided. The Constitution of 1876, article 16, section 52, did not affect such rights as had vested in the children before its adoption. But this error of the trial court was in favor of the appellants, Mrs. Clemons and her children, and was not complained of in the Court of Civil Appeals by the appellees, who are the plaintiffs in error here; it therefore does not furnish ground for reversing the judgment of the District Court.

The Court of Civil Appeals reversed the judgment of the District Court because the latter did not in the partition of the homestead tract of 182 acres compensate Mrs. S. J. Clemons for the value of her life interest in the one-half of the Burleson County land which had been previously divided among the children of her deceased husband. The evidence did not show what the value of Mrs. Clemons' life estate in the Burleson County land was, if anything, but the testimony introduced by her does show that the entire interest of her deceased husband in that tract of land was valued upon the inventory of his estate at $750, that is, $1500 for the 3000 acres of which he was entitled to one-half in his own separate right. Her life estate could not have been worth more than the land itself, and one-third of the value of the land would be $250, representing her life interest therein. She also proved by introducing the inventory of the estate that the homestead tract of 182 acres was valued at the sum of $2184, or $12 per acre, the one-half which belonged to Ira Clemons being of the value of $1092. In adjusting the equities between the parties the partition should have been placed upon the same basis as if it had been made in 1872, when the other land was divided.

If the homestead tract had been partitioned according to law in 1872, as it should have been, Mrs. Clemons would have received out of the one-half interest of her husband in that tract 30⅔ acres as her life estate therein and also out of the same land enough to equal the one-third of her husband's interest in the Burleson County land, which was valued at $750. The homestead tract was valued at $12 per acre, and $250 worth of the land at $12 per acre would be 20 5-6 acres, which Mrs. Clemons was entitled to in lieu of her interest in the Burleson County land that had been divided among the heirs of Ira Clemons. For her interest in both tracts she would have received out of her husband's half of the homestead tract 51½ acres to be held for her life. She is not entitled in this partition to receive a greater amount than she would have received if the land had been divided at the proper time; yet the judgment of the District Court gives to her for her life 92 acres of the homestead tract, being the entire interest of her husband therein. This is an error of which Mrs. Clemons can not complain, and the plaintiffs in error had the right to have the judgment of the District Court affirmed, however much it may wrong them, if it does no injustice to Mrs. Clemons and her children.

We have examined all of the assignments presented by the defendants to the Court of Civil Appeals, and find no error against them. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the District Court be affirmed.

*Judgment of Court of Civil Appeals reversed.*
*Judgment of District Court affirmed.*