HUMPHREYS et al. v. GREEN.  (No. 1193.)*

(Court of Civil Appeals of Texas. Beaumont.
April 8, 1925.  Rehearing Denied April
22, 1925.)

1. Witnesses ⟨key⟩129—Evidence admissible to
show that decedent gave witness land, where
witness does not claim as heir.

Testimony that the land in controversy was
given witness by his father who executed a
deed to him, and that he filed deed for record,
is not inhibited by Rev. St. art. 3690, where
witness did not claim as an heir, but claimed
under deed.

2. Evidence ⟨key⟩278—Statement by deceased
owner of record that he had sold land is
a declaration against interest, and admissible
to show title in vendee.

Statement by deceased owner of record to
person seeking to purchase land in controversy
that he had sold the land to his son is admissi-
ble in action to try title as a declaration
against interest and as a circumstance to sup-
port contention that father had conveyed the
land to son.

3. Evidence ⟨key⟩273(3)—Statement by person
in possession and claiming land is competent
to support title.

Statement made by plaintiff when in pos-
session of land to a person seeking to pur-
chase land that he claimed ownership and that
he would not sell land at all does not come
within rule that declarations of remote vendor
not in possession and not asserting ownership
are not competent to support title in party
making declarations.

4. Tenancy in common ⟨key⟩55(3)—Heir as ten-
ant in common can recover entire interest in
land against trespassers.

Where jury in trespass to try title found
that plaintiff's ancestor had never conveyed
the land in controversy to defendants' grantor,
the defendants were therefore trespassers, and
heir as tenant in common could recover the en-
tire interest in the land against defendants.

Appeal from District Court, Liberty Coun-
ty; J. M. Combs, Judge.

Action by William Green against Geraldine
Humphreys and another, in which D. D.
Green was substituted as plaintiff after the
death of William Green. From a judgment
for plaintiff, defendants appeal. Affirmed.

E. B. Pickett, Jr., of Liberty, for appel-
lants.

J. Llewellyn, of Liberty, and H. E. Mar-
shall, of Houston, for appellee.

WALKER, J. This suit was instituted by
William Green, the son of B. M. Green, in
trespass to try title against these appellants.
Pending the suit William Green died, and his
son, D. D. Green, to whom he devised the
land in controversy, was substituted as plain-
tiff. B. M. Green was the common source.

Appellee contended in the trial of this case
that his grandfather, the common source,
conveyed the land to William Green, the orig-
inal plaintiff, in 1861. Appellants contended
that the common source conveyed the land
to one Simpson in 1875, and that they held
under the Simpson deed. On special issues
the jury found, first, that B. M. Green con-
veyed the land to his son, William Green,
in 1861; and, second, that he did not convey
the land to Simpson. These were all the is-
sues submitted, and on the answers of the
jury a judgment was entered in favor of ap-
pellee for the land in controversy. Appel-
lants do not attack the verdict as being with-
out support, but all their propositions and as-
signments relate to the admission of evi-
dence. For a fuller statement of the facts of
this case we refer to our opinion on a former
appeal. Humphreys v. Green (Tex. Civ. App.)
234 S. W. 562.

Opinion.

[1] The trial court did not err in admit-
ting in evidence, over the objection of appel-
lants, that certain portion of the testimony
of William Green given by deposition, to the
effect that in the year 1861 his father, B.
M. Green, gave him the land in controversy,
and executed to him a deed therefor, and
that he filed it for record with the county
clerk of Liberty county. This evidence was
objected to on the ground that appellee
claimed as an heir under his grandfather
and father, and therefore this evidence was
inhibited under article 3690, Revised Civil
Statutes. While appellee introduced evi-
dence of heirship under his father and grand-
father, it did not appear as a matter of law
that he was claiming the land as an heir.
No question on that issue was submitted to
the jury. On the contrary, it appears from
the evidence that appellee was claiming un-
der a deed from his grandfather to his fa-
ther, and the jury found that such a deed
was executed, and on that verdict judgment
was entered in his favor. It thus affirma-
tively appears that appellee did not recover
this land on any theory of heirship. These
facts do not bring this evidence within the
provisions of article 3690, Revised Civil Stat-
utes, but under Wootters v. Hale, 83 Tex. 563,
19 S. W. 134, the evidence was admissible.
In that case the court said:

"Upon the trial the defendant was permitted
to testify, over the objection of the plaintiff,
that his father Robert Hale by verbal declara-
tion gave defendant the land in controversy,
the objection being that it was not competent
for the defendant to give such testimony against
the plaintiff, who claims by deed from Robert
Hale, deceased; for the statute allowing a wit-
ness to testify in his own behalf makes an ex-
ception which excludes his testimony in this
case.

"The defendant does not claim the land as
the 'heir' or 'legal representative' of his father,

and the exceptions mentioned in the statute will not be extended by implication to a class of persons not named, although the reason for embracing them was equally as strong as those which existed for including the persons expressly designated. Newton v. Newton, 77 Texas, 510. In the case of Chamberlin v. Boon, 74 Texas, 660, the controversy was between Boon, who claimed under Clark, and a vendee of the heirs of Clark, who had died, and the court held that there was no error committed in permitting Boon to testify as to a transaction between himself and Clark. There will be no extension of the exceptions; they are confined to parties to the suit and to those named in the statute, party meaning a party to the issue, and not to the record only. It was not improper to admit the evidence."

[2] Nor did the court err in admitting in evidence, over the objection of appellants, the testimony of the witness A. C. Cherry to the effect that upon one occasion (the witness thought it was in 1886 or 1887) he had a conversation with B. M. Green in reference to buying from him the land in controversy. The witness testified that he tried to buy it from B. M. Green, and Green told him he had sold the land to his son, William Green. At the time this evidence was offered both B. M. and William Green were dead. Appellants objected to this evidence on the ground that it was hearsay, and further:

"Because it was not proper to allow this witness to repeat declarations made to him by B. M. Green which were in disparagement of the title held by a vendee of B. M. Green, and such declarations, if ever made, being after said B. M. Green had parted with all title to the land theretofore vesting in him, and that it was not proper to then permit said B. M. Green to throw suspicion on the title of another person claiming under him by any declaration then made by him."

These objections assume that B. M. Green conveyed the land to Simpson, but that was a controverted issue, and the jury found against appellants' contention. The witness Cherry was not testifying that B. M. Green did not make a deed to Simpson, but only that a deed had been made to William Green. Appellees were claiming under a deed from William Green, and were entitled to the benefit of all circumstances that would tend to establish that issue. The record title was in B. M. Green, who was dead at the time the declaration was offered. Appellee was offering a declaration from the record owner that he had conveyed the land to the one under whom appellee was holding. It seems to us clear that this evidence was admissible as a declaration against interests and as a circumstance in aid and support of appellee's contention. Lord v. New York Life Ins. Co., 95 Tex. 216, 66 S. W. 290.

[3] Again, over the objection of appellants, the trial court permitted A. C. Cherry to testify that he was on this land with William Green in 1886; that he made a proposition to William Green to buy the land at that time, but Green refused to sell; he said he would not sell it at all. Cherry testified further that at that time William Green claimed the land. This evidence does not come within the rule invoked by appellants (Tucker v. Hamlin, 60 Tex. 172; Ross v. Kornrumpf, 64 Tex. 395; McClure v. Sheek's Heirs, 68 Tex. 429, 4 S. W. 552; Herndon v. Davenport, 75 Tex. 462, 12 S. W. 1111), to the effect that declarations of a remote vendor of land not in possession and not asserting ownership "are not competent evidence to support title in the party making the declaration." In support of Cherry's evidence appellee had offered in evidence an actual possession and a continued claim by William Green under the deed executed to him by his father. At the time William Green made the declaration he was on the land, claiming to own it. His declaration of ownership was made under circumstances challenging his title—Cherry was proposing to buy it from him, and in answer to that proposition he declined to sell. Appellee was trying to sustain his claim by circumstances—that his father had lived on the land, had used and enjoyed it, had asserted a claim thereto, etc. Proof of a continued claim under a lost deed is very potent evidence of the existence of the deed. Quoting from the syllabi of the following cases, it was held:

Hickman v. Gillum, 66 Tex. 314, 1 S. W. 339:

"The fact that a party asserted that land belonged to her is no evidence of title, but is the best possible evidence that she claimed it."

Wells v. Burts, 3 Tex. Civ. App. 430, 22 S. W. 419:

"On an issue as to whether W. executed a deed of land to M. under a deed of trust giving him such power, M. being dead, evidence that M. had said that he owned such property, and that his deed was burned before recorded, was competent to prove that M., being in possession, claimed the property, and that the deed under which he claimed was lost."

Baldwin v. McCullough (Tex. Civ. App.) 146 S. W. 203:

"Where plaintiff's title depended on a conveyance of a headright certificate by the deceased original holder thereof, his declarations that he owned the land and had not sold the certificate were admissible."

[4] But, apart from what we have already said, this case must be affirmed on another theory. Clearly the land in controversy belonged at one time to B. M. Green. If he never parted with the title, then it belonged to his heirs. It appears without controversy that the appellee was one of the heirs of B. M. Green. If all the evidence as to the deed from B. M. Green to William Green be excluded, and it had no probative force in the case, except on that issue, then the only

remaining issue was as to the execution of a deed by B. M. Green to Simpson. The jury found that no such deed was executed, and appellants have not challenged this finding as being without support. Appellants were therefore mere trespassers upon the land, and as a tenant in common appellee could recover the entire interest therein against them. Grey v. Kauffman, 82 Tex. 65, 17 S. W. 513; Mitchell v. Mitchell, 80 Tex. 101, 15 S. W. 705; Boone v. Knox, 80 Tex. 642, 16 S. W. 448, 26 Am. St. Rep. 767; Ney v. Mumme, 66 Tex. 269, 17 S. W. 407; Russell v. Oliver, 78 Tex. 11, 14 S. W. 264; Davidson v. Wallingford (Ky.) 30 S. W. 286, 827.

The judgment of the trial court is in all things affirmed.