The judgment is reversed, and the cause remanded.

---

## LONE STAR GAS CO. v. MEYER et al.
### (No. 11722.)

Court of Civil Appeals of Texas. Fort Worth.
March 5, 1927.

Rehearing denied April 9, 1927. Writ of Error Dismissed for Want of Jurisdiction June 4, 1927.

**1. Homestead ⬅143—Interest of deceased spouse in community homestead vests in children on death of parent, subject to life use of surviving spouse (Const. art. 16, § 52).**

In view of Const. art. 16, § 52, interest of deceased spouse in the community homestead vests in the children on the death of their parent, subject to the use of the surviving spouse during life, or so long as survivor elects to use it.

**2. Husband and wife ⬅274(4)—Surviving husband, having parted with interest in homestead used for pipe line, held not proper party to action by cotenants for injury therefrom.**

Where, on death of wife, her daughters and the relict husband became tenants in common of community property, with right of occupancy in the husband during life, and the husband had parted with his interest in the homestead used by gas company in laying its pipe line across the premises, in action by his cotenants for injury to the premises therefrom, the husband was not a proper party either plaintiff or defendant (quoting Words and Phrases, Second Series, "Tenants in Common").

**3. Homestead ⬅142(1)—Children of deceased spouse have right of title and possession in their interest in community homestead as against third party.**

Where, on decease of one spouse, the community homestead vests exclusively one-half in survivor and one-half in children, while the children have no interest in homestead as such as against the surviving parent so long as he may elect to occupy it as homestead, they have right of title and possession as against a third party.

**4. Husband and wife ⬅274(4)—Cotenants of relict spouse had cause of action for unlawful appropriation of premises causing permanent damage to their interest.**

Where children of a relict spouse took a half vested interest in the community homestead, and became tenants in common of land with their father, who parted with his interest in the homestead used by a gas company in maintaining a pipe line across the premises, the children as tenants in common had cause of action for unlawful and permanent appropriation of premises for any use which caused permanent damage to their interest.

**5. Tenancy in common ⬅55(3)—Tenant in common may maintain action of trespass to try title against those claiming title.**

A tenant in common may maintain an action of trespass to try title, not only against those without claim, but against those who claim title.

**6. Tenancy in common ⬅55(3)—Tenant in common not in actual possession may recover as against naked trespasser entire property.**

A tenant in common, not being in actual exclusive possession of land who sets forth in his petition extent of his interest, may in trespass to try title recover as against naked trespasser entire property.

**7. Limitation of actions ⬅72(3)—Plea of limitation held unavailing where plaintiffs were minors, and recovery of damages was limited within two years (Rev. St. 1925, art. 5518).**

In action by tenants in common owning undivided one-half interest in land for injury thereto from construction of a pipe line thereon, defendant's plea of limitation could not be sustained, in view of Rev. St. 1925, art. 5518, where both plaintiffs were minors, and right of recovery for damages was limited within two years.

**8. Damages ⬅138—$350 damages for construction of pipe line over land owned by tenants in common held not excessive.**

In action by tenants in common owning undivided half interest in 80 acres of land for injury thereto from construction of pipe line, $350 damages *held*, under evidence, not excessive.

Appeal from District Court, Hood County; J. B. Keith, Judge.

Action by V. F. Meyer and others against the Lone Star Gas Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Ritchie & Ranspot, of Mineral Wells, and Karl F. Griffith, of Dallas, for appellant.

Estes & Estes, of Granbury, for appellees.

BUCK, J. Mrs. Ethel Meyer and Lillie Belle Meyer, joined by their respective husbands, filed suit against the Lone Star Gas Company, a corporation, hereinafter called the company, for damages. They alleged that they were the owners and claimed the fee-simple title to an undivided one-half interest in a described tract of land containing 80 acres more or less, situated in Hood county; that plaintiffs were entitled to the possession of their said interest in said tract of land, and were entitled thereto on January 1, 1920; that on the ―――― day of ――――, 1919, the said defendant company entered upon plaintiffs' premises, and dug a ditch, some three feet wide, for the purpose of laying a pipe line across the land in which plaintiffs owned a one-half interest; that such act was without the consent of plaintiffs or of any one legally authorized to act for them, and that said entry was unlawful and against the rights of plaintiffs; that on January 1, 1926, the said defendant company cut another ditch across plaintiffs' land about six feet deep and about three feet wide, said ditch being parallel with, and near to, the original ditch heretofore mentioned, and in said ditch placed their pipe lines for the purpose of conveying gas; that, since the laying of said original line of pipe, the defendant has maintained the same, and used plaintiffs' land to their damage; that in making and cutting the said ditch or ditches the defendant has torn and destroyed the grass on said lands, and otherwise tramped upon and over plaintiffs' lands, thereby causing serious damages to the same; that on various occasions the original gas line has blown out, and on more than one occasion said pipe line blew out on plaintiffs' field, thereby causing serious damages to plaintiffs' land. Plaintiffs' petition further alleges that they feared, and had reason to fear, that the pipe line would blow out again, and cause damage to plaintiffs; that the defendants had constructed telephone poles over and across said lands, and had strung telephone wires thereon, and had employed the services of parties commonly called "pipe line walkers," who, in the discharge of their duties, walk said line daily, all of which was alleged to be a menace and a nuisance to plaintiffs, and an injury to their land; that in laying and constructing the said line the defendant cut and destroyed the fences on plaintiffs' land, to plaintiffs' damage.

The cause was tried before a jury on special issues, and the jury found that: (1) Plaintiffs' land had been damaged by the construction of the pipe line about the first of January, 1926; (2) that the injury to the land was permanent; (3) that plaintiffs were entitled to $350 damages. From this judgment the defendant company has appealed.

Opinion.

The evidence shows that the 80-acre tract of land, in which plaintiffs allege a one-half interest, belonged to their father and mother as community property. Their mother died, and their father subsequently married, and is now living on the land. Appellant urges that under section 52, art. 16, of our state Constitution, it is provided that the homestead shall descend and vest as other property, but that it shall not be partitioned among the heirs during the lifetime of the surviving husband or wife or so long as the survivor may elect to use and occupy it; that the heirs are but remaindermen, and are not entitled to possession of their interest in the homestead until it ceases to be the homestead of the surviving husband or wife; that when it develops, on the trial of an action of trespass to try title and for damages, that the property in question was formerly the homestead of plaintiffs' father and mother, that their mother is dead, that their father is living on the land at the time of the trial, with his second wife, claiming it as a homestead, it is error for the court, on motion of the defendant, to refuse to dismiss the suit, plaintiffs having shown that they are not entitled to possession of the property, and the father not being a party to the action.

[1] The interest of the deceased spouse in the community homestead vests in the children upon the death of their parent, subject to the use of the surviving spouse during his or her life, or so long as the survivor shall elect to use it. Clemons v. Clemons, 92 Tex. 66, 45 S. W. 996.

[2, 3] Upon the death of Mrs. Barton, the two surviving daughters and their father, O. R. Barton, became tenants in common, but the father had the right of occupancy and use of the property during his lifetime, if he should so elect. The interest of the children was present and absolute. The title to the property vested in them, but the right of the use and occupancy of the premises by them being suspended during the lifetime of their father, or so long as he should elect to use the premises as a homestead. The father had parted with his interest of the homestead used by defendant company in laying and maintaining its pipe line across the premises. There was no reason why he should be made a party plaintiff, or defendant, in this suit. He had no interest in the matter in controversy, to wit, the permanent damage done the plaintiffs to their one-half interest in the land. Upon the decease of one spouse, the community homestead vests exclusively one-half in the survivor and one-half in the children. Sossaman v. Powell, 21 Tex. 664; Clark v. Nolan, 38 Tex. 416. It is true that the children have no interest in the homestead as such, that is, as against the surviving parent so long as he may elect to occupy it as a homestead, but they do have the right of title and possession as against a

third party. "Tenants in common" is defined in 4 Words and Phrases, Second Series, page 872, as follows:

" 'Tenants in common' are not privies. They do not claim under each other. They may claim their several titles from entirely different sources. In this respect they differ from joint tenants and coparceners.' "

[4-6] The plaintiffs in this case and their father were tenants in common of the land in question. As such tenants plaintiffs had a cause of action against the defendant for any unlawful and permanent appropriation of any part of the premises and for any use thereof by defendant which would cause permanent damage to plaintiffs' interest in the property. This right of action was independent of any interest in the property held by the father, and which he might have conveyed to the defendant company. A tenant in common may maintain an action of trespass to try title, not only against those without claim, but against those who claim title. Croft v. Rains, 10 Tex. 523; Alexander v. Gilliam, 39 Tex. 228; Rowland & Bro. v. Murphy, 66 Tex. 534, 1 S. W. 658. A tenant in common, not being in actual exclusive possession of land, who sets forth in his petition the extent of his interest, may in trespass to try title recover, as against a naked trepasser, the entire property. Sowers v. Peterson, 59 Tex. 216; Montgomery v. Heath (Tex. Civ. App.) 283 S. W. 324; Humphreys v. Green (Tex. Civ. App.) 271 S. W. 116.

[7] Nor do we think that the defendant's plea of limitation should be sustained for two reasons: First, article 5518, Rev. Civ. Statutes, under the subject "Persons under Disability," provides that, "if a person entitled to sue for the recovery of real property or make any defense founded on the title thereto, be at the time such title shall first descend or the adverse possession commence, a person, including a married woman, under twenty-one years of age." Plaintiffs alleged that they were both minors, and H. P. Meyer so testified. Second, the court in the submission to the jury of the question of injury limited the right of recovery for damages by reason of the construction of the pipe line January 1, 1926. The suit was filed on January 13, 1926. Even the two-year statute of limitation would not bar a recovery.

[8] Appellant also assigns error to what it claims to be the excessiveness of the verdict. The jury allowed $350 damages. Henry Meyer, father of the Meyer brothers, testified that he owned 197 acres of farm land in the neighborhood where the Barton place was located, and was pretty well acquainted with the value of land in that community; that in his opinion the Barton land was worth $60 an acre; that the laying of the pipe line across the land decreased the market value thereof, and he would judge that it decreased it about $1,000; that the constructing of the ditches did not hurt the land except in some places; that there was more or less danger of an explosion of the gas pipe, and consequent damage to the land; that there had been several explosions of the pipe line in this community, and one on the land in controversy; and that the presence of a pipe line across one's farm decreased the market value thereof. He further testified that the constant walking of the "line walker" along where the pipe line was laid injured the land to some extent for farm purposes; that, where a pipe line crosses a tract of land, you cannot keep a good fence on the land, the company goes anywhere it needs to, whether on foot or vehicle; that the purpose of a pipe line walker is to find the leaks in the line; he goes down one day and comes back the next.

We do not think that the verdict is excessive. We have examined the other assignments of error, but do not find that they are well taken.

For the reasons stated, all assignments of error are overruled, and the judgment is affirmed.