THE STATE v. ESTATE OF GEORGE K. TEULON.

1. ESCHEAT—EVIDENCE OF DEATH.—See facts held insufficient as evidence of death in proceedings instituted to escheat.
2. PRACTICE IN PROCEEDINGS TO ESCHEAT.—In such proceedings the record must show that notice was given by publication to all persons interested in the estate to appear and show cause why the same should not vest in the State.

APPEAL from Travis. Tried below before the Hon. Joseph P. Richardson.

*Trigg & Pendexter* and *Cullen & Denton,* for the State.

*Fulmore & Wooldridge,* for appellee.

MOORE, ASSOCIATE JUSTICE.—This suit was brought for the purpose of escheating to the State certain property alleged in the petition to have belonged to George K. Teulon, who, as is averred, abandoned Texas a great number of years ago, and died in Brazil without having sold or transferred said property, and without leaving any heirs surviving him, &c.

To establish the facts alleged in the petition, it was proved by one witness that he was well acquainted with Teulon about the time Texas was annexed to the United States; that said Teulon was an Englishman or Scotchman, and at that time edited a newspaper at Austin; that he left Texas shortly afterwards, and went to the East Indies.   The witness knew he went there, because he saw some correspondence of his to the Masonic fraternity at Austin, Texas.   He has never been to Texas since, within the witness's knowledge, and witness never knew of his having any relations in Texas.   Two other witnesses testified in effect that they never knew Teulon, but had heard that he left Texas about the time stated by the first witness, and if he had ever returned they had not heard of it.

It is, we think, too clear to admit of argument that this evidence does not establish the facts alleged in the petition. Certainly there is no pretense of any direct testimony of Teulon's death, or, if he is dead, that there is a failure of heirs to inherit his estate.   The testimony adduced was no doubt relied on as circumstantial evidence from which the facts alleged in the petition should be inferred.   That they may be as satisfactorily established by this character of evidence as by direct proof will be readily conceded.   It is in many cases no doubt the only evidence by which they can be proved.   But still we cannot admit that the few meager facts presented in this record are sufficient to prove the averments of the petition.

The petition alleges that Teulon died in Brazil.   The

place of his alleged death may be regarded as immaterial; but how does the fact that he left Texas twenty-eight years ago, and was living, at some unnamed time, when the witness last heard about him, and that he has not since known of his living in Texas, prove his death? It is a rule of the common law that death may be presumed from absence for seven years without having been heard of. But this is when the party whose death is in question has been absent from his last known place of residence or domicile, without any knowledge or information being had of him by his friends and relations, or among those who were acquainted with him, or who for some reason it should be supposed would have heard from or about him, if living. This common-law rule has, to some extent, been changed by our statute, (Pas. Dig., art. 23,) which says, any person absenting himself beyond sea or elsewhere for seven years successively shall be presumed to be dead, in any case wherein death may come in question, unless proof be made that he is living. But certainly the mere failure of strangers to hear from one in any number of years, or the fact that his present whereabouts may not be known to one of his acquaintances in a place of a former residence, who is not shown to have made any inquiry about him, does not establish the fact of absence for seven years successively, as required by this statute, and does not therefore authorize the presumption of death. If so, there would be little difficulty in proving the death of many persons who are still among the living.

The character of Teulon's residence in Austin, whether temporary or permanent, is not shown, nor the object nor purpose of his departure. Did he leave with the intention of a temporary sojourn elsewhere, or with the intention of acquiring a domicile in some other country? And if he contemplated only a temporary sojourn abroad, whether he intended returning here or going to the country of his nativity? It may be, for aught we can say from the evi-

dence, that he had a fixed place of residence in Texas or elsewhere, which, by a more full and satisfactory inquiry after him of his other friends and acquaintances, and especially his Masonic brethren, with whom it seems he was at one time in correspondence, might have been easily ascertained, or if he is dead, whether or not he left heirs capable of inheriting his estate in Texas.   (2 Greenl. Ev., § 266; Emerson *v.* White, 9 Foster, 482; Jackson *v.* Etz, 5 Cow., 314; People *v.* Fulton Fire Ins. Co., 24 Ward, 205 ; McCartee *v.* Camel, 1 Barb. Ch., 455.)

While, unquestionably, it is not necessary to give positive evidence of the failure of heirs for the purpose of showing that property should be escheated, and no doubt, as is said in Emerson *v.* White, *supra,* proof that a man's intimate acquaintances for several years never heard him speak of his family, father, mother, wife, or children, and especially when the place of his birth is unknown to them, and there appears no clue to better evidence, is *prima facie* proof that he has no heirs, still it is evident, when we examine the record in this case, that there was an utter failure to show by general evidence of the character above indicated that Teulon had no heirs.   But one witness who knew him testified to this point in the case.   He merely says that Teulon was an Englishman or Scotchman, and, so far as he knew, had no relatives jn Texas.   There is not even an effort to show that the witness had such intimacy with him as to entitle this negative character of evidence to the slightest consideration.

It may be noted, also, in this connection, that the record does not show that notice was given by publication to all persons interested in the estate of Teulon to appear and show cause why the same should not vest in the State, as is required by section three of the act under which this suit was brought.   (Pas. Dig., art. 3660.)   This of itself is. a sufficient reason why a judgment of escheat should not have been rendered.

There being no error in the judgment of the District Court, it is affirmed.

AFFIRMED.