JOSEPH J. NORRIS and others v. SAUNDERS EDWARDS.

*Evidence—Presumption of death from continued absence, may be rebutted by declarations of deceased members of family.*

Where evidence was received of the prevailing belief in one's family and of the general reputation in the neighborhood, from his protracted and continued absence, that he was dead, *it was held* that the declarations of his deceased wife, as to the fact of her receiving a letter from him since he left, are admissible to negative the force of the reputation of the death.

(*Clements* v. *Hunt*, 1 Jones, 400, cited and approved).

EJECTMENT tried at Spring Term, 1883, of WAKE Superior Court, before *Philips, J.*

Verdict and judgment for plaintiffs; appeal by defendant.

*Messrs. Strong & Smedes* and *A. M. Lewis & Son*, for plaintiffs.

*Messrs. Argo & Wilder*, for defendant.

SMITH, C. J. The plaintiffs derive title to the land mentioned in their complaint by descent from their father, Joseph Norris, and the latter under a deed from Etheldred Jones, a former admitted owner, from whom the defendant also claims.

Joseph Norris, the ancestor, removed from the county of Wake, in which he was residing, in February, 1870, leaving his wife and the plaintiffs, then very young, the offspring of a previous marriage, who constituted his family, and has never returned.

To show his death, and that it occurred long anterior to the bringing the suit, besides relying on the presumption furnished by his protracted and continuous absence, the plaintiff Joseph was examined on his own behalf, and testified to the death of his step-mother in the year 1875 or 1876, and to the general belief prevailing in the family that the absent husband and father had died. This evidence, though objected to by defendant, was admitted.

A series of questions was then propounded by the defendant as to the wife's receiving in 1873 or 1874, a letter purporting to come, or which she said came, from her absent husband, and as to its contents, none of which designated the letter as genuine or in his handwriting, and they were disallowed.

The plaintiffs having examined another witness and shown a reputation in the neighborhood to the same effect, the defendant addressed to the witness the following interrogatory :

Have you ever heard the step-mother of the plaintiffs, the wife of their father, in her life-time say that she had received a letter from him since he left ?

The question on plaintiffs' objection was excluded, and to this ruling the defendant's eighth exception, which we propose to examine, is taken.

Testimony had been received of the prevailing belief, in the family and from the last witness, of a general reputation in the neighborhood to the same effect, and assuming *belief*, if not synonymous with reputation, to be its necessary incident, the evidence rejected is manifestly of the same kind and rests upon the same principle as the evidence received.   The declaration offered to be shown proceeds from the lips of the deceased wife, spoken during her life-time, and directly tends to negative or weaken the force of the reputation of the death, since he must have been living at the time when the letter was written; and her declaration, aside from what it contained, was admissible under the rule applicable to this kind of evidence.

The case does not disclose the grounds on which the evidence was refused, and it may have been upon the supposition that general reputation alone was competent, and not any special declaration made even by a deceased member of the family. But such is not the rule.   Reputation, at least in matters relating to pedigree, is made and results from repeated personal utterances, and death may be proved by individual declarations of the fact when they come from any of the family who have themselves since died; and this when the relationship is by blood or marriage. The authorities to this effect are uniform. 1 Green. Evi., §103; 1 Tay. Evi., §582; 2 Phil. Evi., 188; Abb. Tr. Evi., 91; 1 Stark. Ev., 604.

In *Reed* v. *Norman*, 8 C. & P., 65, it was proposed to put in evidence a letter, bearing the same date with the postmark, in the handwriting of the person whose death was in controversy, the daughter testifying that it was in answer to one from herself to her father, written about two months previous to its receipt.   It was admitted; Lord DENMAN, C. J., remarking that "the very act of writing this letter shows that he must have been alive."

Thus declarations of deceased members of a family are competent, says NASH, J., "to prove relationship; as who was a particular person's grandfather, or whom he married, how many

children he had, or as to the time of the birth of a child" (*Clements* v. *Hunt,* 1 Jones, 400), and they are equally so as to one's death."

The evidence here proposed and refused was not as to what was contained in the letter, but as establishing the fact that the supposed deceased was and must have been living when the letter was written, and in consequent antagonism to the prevalent family report of his death and to the inferences drawn from his absence.

As this error enters into and invalidates the trial and entitles the defendant to have the issue submitted to another jury, we do not examine into the other exceptions and pass upon their sufficiency.

There is error. The verdict must be set aside and a *venire de novo* awarded, and it is so ordered.

Error.                                            *Venire de novo.*