### FRITZ NEHRING ET AL. V. VICTORIA McMURRIAN ET AL.

No. 881. Decided June 25, 1900.

**1. Death—Seven Years Absence—Presumption as to Marriage and Descendants—Charge.**

Where proof of title by descent rests on presumption of death of a former owner arising from seven years absence, and depends also on his having left no surviving wife or children, an instruction that the latter fact could not be presumed in the absence of evidence, if abstractly correct, which is questioned, was unwarranted, where such owner disappeared at the age of fourteen to sixteen years, unmarried; his relatives had never heard of his marriage; no claim was ever made by wife or children; and diligent search, inquiry, and advertisement for him had been made; such circumstances affording evidence which rendered the presumption in absence of evidence inapplicable. (P. 50.)

**2. Death—Absence—Identity—Evidence—Declarations.**

On the issue of presumption of death from disappearance and absence for seven years, a witness who testified to having known a person bearing the same name, in another State, twenty years later, should have been permitted to testify, also, that such person stated his birthplace and parentage to have been the same as that proved for the person claimed to be dead. The making of such declaration, though hearsay as proof of the facts stated, was admissible as a circumstance bearing on the identity of the person making it. (P. 51.)

**3. Death—Presumption—Hearsay Information.**

Hearsay information of the existence of one whose death is sought to be established by presumption of absence is not admissible when made after suit was commenced. (Pp. 52, 53.)

**4. Same—Statute.**

It is questionable whether the rule admitting hearsay information, received before the controversy arose, to rebut the presumption of death from absence, should be recognized in this State, in view of the provisions of Revised Statutes, article 3372, on the subject. (P. 52.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from Travis.

*David H. Hewlett, Geo. F. Pendexter,* and *Geo. E. Shelley,* for plaintiffs in error.—The Court of Civil Appeals erred in sustaining the trial court in its refusal to give the special charge requested by plaintiffs in error. [The charge in question is copied in the opinion, post.] Abbott's Trial Ev., 79-85, 86; Richards v. Richards, 15 East., 293; Spriggs v. Moale, 28 Md., 505; Loring, Admr., v. Steineman, 1 Metc. (Mass.), 204; Emerson v. White, 29 N. H., 491; Peterkin v. Inloes, 4 Md., 187; Stinchfield v. Emerson, 52 Me., 466.

Whether or not Frank Conrad was alive at a given time was the issue—the fact of inquiry. That a person at a given time represents himself to be the very same identical Frank Conrad inquired about to the witness who is interrogated and who speaks of that fact, is not hearsay, but direct, pertinent testimony, competent and admissible on the issue of life or death at a given time. Wentworth v. Wentworth, 71 Me., 74; Flynn v. Coffee, 12 Allen, 133; Doe v. Jessen, 6 East., 80; Doe v. Deakin, 4 Barn. & Ald., 433; Doe v. Andrews, 15 Ad. & Ell., 760; Bacon Abr. Ev., H. Cases; Greenl. on Ev., 278, and notes; White v. Mann, 26 Me., 361; Stevens v. McNamara, 36 Me., 178; Kidder v. Blaisdell, 45 Me., 467; Stinchfield v. Emerson, 52 Me., 465; Lessee of Scott v. Hatliffe, 5 Pet., 81; Mullery v. Hamilton, 71 Ga., 720.

The court erred in excluding from the consideration of the jury so much of the testimony of Nancy D. Englander as is contained in her answer to the eleventh direct interrogatory and the tenth cross interrogatory, as shown by defendants' bill of exceptions number 2, because the same tended to show that the Frank Conrad under whom plaintiffs claim was alive in 1896, whereas to sustain plaintiffs' right to recover it was necessary to show that said Frank Conrad died anterior to that date, of which fact no direct evidence has been offered. Same authorities.

The testimony offered tended to rebut the prima facie presumption of death upon which defendants in error relied and to show that Frank Conrad was alive in 1896, when his presumed death must have occurred long prior to that date. Evidence of hearsay to prove the fact of death is competent; and, on principle, it should be equally competent to prove the fact of one's existence, or to rebut the prima facie presumption of death. The evidence in question should have been admitted, because it was competent, and very material to the issues involved. This contention is supported by the case of Primm v. Stewart, 7 Texas, 178. In this case, two witnesses testified in substance that they had been acquainted with the person in question, but had not seen him for a number of years, and that "from information and general report," and "from general rumor and report," he had died, six, seven, or eight years before. The court held that this evidence was admissible to prove the death of the person. In this case, the case of Lessees of Scott v. Hatliffe, 5 Peters, 81, is cited with approval. Here the testimony in question, in so far as it bears on the point here discussed, was, in substance, that witness believed she was in Williamsburg, and was

told that Mr. Madison was dead. The evidence while hearsay, was held to be admissible to prove the death of Madison, and the judgment was reversed because of its exclusion by the court. If these decisions are correct, there can be no good reason why the same character of evidence should be inadmissible to disprove the fact of death.

*T. W. Gregory, George S. Walton,* and *M. C. Granberry,* for defendants in error.—The trial court did not err in refusing to give, and the Court of Civil Appeals did not err in refusing to reverse and remand this case because of the refusal of the district judge to give, the special charge asked by the plaintiffs in error; because said special charge authorized the jury to find for the defendants whether Frank Conrad died testate or intestate, and without reference as to whether he survived his mother or not,—and also required the jury to find for the defendants without regard to· the presumed death of Frank Conrad. French v. McGinnis, 69 Texas, 19; Insurance Co. v. Ice Co., 64 Texas, 578; Primm v. Stewart, 7 Texas, 181; Nehring v. McMurrian (this case as decided by the Court of. Civil Appeals twice); King v. Fowler, 11 Pickle, 300; McComb v. Wright, 5 Johns. Ch., 263; Webb's Estate, Ire., 5 Eq., 235; Wilson v. McGhee, 1 Bibb, 34; Jackson v. Etz., 5 Cow., 320; Doe v. Griffin, 15 East., 293.

In trials of fact which may be proved by hearsay or reputation, negative testimony is entitled to the same weight as the affirmative where the witnesses have equal opportunities, and it is frequently the best and only testimony that can be had, as in this case. Eaton v. Tallmadge, 24 Wis., 217, 222; Viall v. Smith, 6 R. I., 419; Spears v. Burton, 31 Miss., 547, 554.

Under article 3372, Revised Civil Statutes of Texas, the burden of proof is on the defendants to prove that Frank Conrad was alive within seven years, when the plaintiffs have shown his absence unheard of for seven successive years, and his presumed death is not overcome by mere similarity of name. French v. McGinnis, 69 Texas, 19; 46 Am. Rep., 757; Hoyt v. Newbold, 16 Vroom (N. J.), 219; Smothers v. Mudd, 9 B. Mon., 492; 2 Greenl. on Ev., 278.

To render hearsay evidence competent (unless it is admissible as matter of general repute), it must appear that the declarant or source of the witnesses' information was a deceased member of the family or connection, and must show affirmatively that it was a relative or connection who is since dead. Fowler v. Simpson, 79 Texas, 611; 5 Cowen, 314; Byers v. Wallace, 28 S. W. Rep., 1056; Johns v. Northcutt, 49 Texas, 444; Nix v. Cole, 29 S. W. Rep., 561; Leggett v. Boyd, 3 Wend., 376; Wallace v. Howard, 30 S. W. Rep., 711; Carnes v. Crandall, 10 Iowa, 377; Cook v. Carroll, L. and C. Co., 39 S. W. Rep., 1006; Mooers v. Bunker, 29 N. H., 420; Rothwell v. Jamison, 49 S. W. Rep., 503; Waldron v. Tuttle, 4 N. H., 371; Emerson v. White, 29 N. H., 491; Chapman v. Chapman, 2 Conn., 347; Doe v. Randall, 2

Moore & P., 20; Greenleaf v. Railway, 30 Iowa, 301; Carter v. Montgomery, 2 Tenn. Ch., 216.

And his relationship to one or the other must be established by other evidence than the declarations themselves. Blackburn v. Crawford, 3 Wall., 187; 1 Taylor on Ev., 576.

If hearsay testimony is admissible to prove, in this case, that Frank Conrad was alive since the institution of this suit, then the rule of evidence is not changed, but the hearsay testimony must come from declarants who are since dead, whether relatives, connections, or strangers—otherwise they will be rejected. Authorities ante, and the following: Fowler v. Simpson, 79 Texas, 611; Johns v. Northcutt, 49 Texas, 444; Campbell v. Wilson, 23 Texas, 252; Landa v. Obert, 14 S. W. Rep., 279; White v. Strother, 11 Ala., 720; Lowder v. Schluter, 14 S. W. Rep., 205; Stein v. Bowman, 13 Pet., 209; Nunn v. Mayes, 30 S. W. Rep., 479; Pendrell v. Pendrell, 2 Strange, 924; DeLeon v. Murray, 23 S. W. Rep., 1038; Whart. on Ev., 215; 1 Taylor on Ev., 576, 641; 1 Greenl. on Ev., 103; Starkie on Ev., 45.

Hearsay testimony and reputation, though competent to prove pedigree, etc., in some cases, is only so where the fact sought to be established is ancient and handed down from one person to another,—the declarant being dead. Authorities ante, and in addition: Fowler v. Simpson, 79 Texas, 611; Herndon v. Davenport, 12 S. W. Rep., 1111; Covert v. Hertzog, 4 Barr, 145; Birney v. Hann, 3 Marsh. (Ky.), 324; Speed v. Brooks, 7 Marsh. (Ky.), 119; Stein v. Bowman, 13 Pet., 209; Mooers v. Bunker, 29 N. H., 420.

Hearsay evidence is incompetent to establish any specific fact, which fact is in its nature susceptible of being proved by witnesses who speak from their own knowledge. Queen v. Hepburn, 7 Cranch, 290; Morris v. Harmer's Heirs, 7 Pet., 554.

The testimony of A. A. Achee, wherein he seeks to repeat statements made to him by Frank Conrad, is incompetent, because same, if true, would be self-serving, as Frank Conrad was the sole heir at law of Fred Conrad. Rothwell v. Jamison, 49 S. W. Rep., 503; Bank v. Martin-Brown Co., 48 S. W. Rep., 617; Byers v. Wallace, 29 S. W. Rep., 760; Brown v. Lazarus, 25 S. W. Rep., 71; Gilbert v. Odum, 7 S. W. Rep., 510; Fowler v. Simpson, 15 S. W. Rep., 682; Wallace v. Howard, 30 S. W. Rep., 711; 1 Whart. on Ev., 207, 218; 1 Greenl. on Ev., 103; Shields v. Boucher, 1 De Gex & S., 40.

This suit was instituted in 1896, June 29th, and the hearsay testimony of George Holman through Mrs. Englander is post litem motam, and is incompetent. Chapman v. Chapman, 2 Conn., 347; Elliott v. Peirsol, 1 Pet., 337; Sheddon v. Patrick, 2 S. W. & Tr., 170, 188.

WILLIAMS, Associate Justice.—The defendants in error, who were plaintiffs, brought this suit to recover an interest in the land sued for, claiming such interest had been inherited from Peter Conrad, the original grantee, by his nephew, Frank Conrad, and that, upon the

death of Frank Conrad unmarried and without issue, it had been inherited from him by his mother, Mary, and upon her death, had been inherited by plaintiffs, her brother and sisters. There was no direct evidence of the death of either Frank Conrad or his mother, but plaintiffs undertook, by proof that they had both disappeared and had not been heard from for more than seven years, to raise the presumption (1) that Frank Conrad had died without issue before his mother, and (2) that the latter had subsequently died. Their evidence tended to show that Frank Conrad, then 14 to 16 years of age, was last heard from in 1868, since which time those of his relatives and friends who would most probably have received intelligence of him had not heard of his existence after due inquiry; and that his mother was last seen alive in 1878, since when nothing further had been heard of her. The verdict of the jury was in plaintiffs' favor upon both propositions, and the sufficiency of the evidence to authorize the finding is not questioned.

The defendants adduced evidence of a witness which, if true, proved that Frank Conrad was seen alive as late as 1893, but this the jury must have found to be unworthy of credit. The assignments of error are based upon the refusal of a requested instruction and the exclusion of evidence by the trial court. The refused instruction was as follows: "The plaintiffs are not entitled to recover in this cause unless you believe from the evidence that Frank Conrad is dead; and further, that at the time of his death he did not leave a surviving wife, child or children, or the descendants of either. You are further instructed that you are not authorized, in the absence of evidence, to presume that said Frank Conrad did not leave a surviving wife, child or children, or the descendants of either, and unless there has been evidence offered tending to establish the fact that at the death of said Frank Conrad, he did not leave a surviving wife, child or children, or the descendants of either, you will find for the defendants."

A witness named Achee testified that in 1889 he knew a man named Frank Conrad who lived in East Baton Rouge Parish, Louisiana, stating approximately his apparent age, in connection with which defendants offered the further testimony of the witness that Conrad stated to him that he was born at Woodville, Miss., that his father's name was Fred Conrad and his mother's name Mary, and that his father died at Woodville while he (Frank) was a child. These facts correspond with those proved by plaintiffs as to the birthplace and parentage of the Frank Conrad under whom they claimed, and, if admitted and accepted as true, would have destroyed their case entirely, or have limited their recovery to a smaller interest than they recovered. The evidence was excluded upon plaintiffs' objection that it was hearsay and self-serving and that it was not shown that the Conrad who made the declarations was dead.

Defendants also offered to prove by Mrs. Englander, a cousin of the Frank Conrad under whom plaintiffs claim, that in the latter part of 1896 or early part of 1897 (after this suit was brought) she was in-

formed by one Holman, who knew Frank Conrad when a child, as well as his father and mother, in Woodville, Miss., that Frank Conrad was living on the Yazoo River, in Mississippi, in 1891 or 1892. This evidence was also excluded on the ground that it was hearsay.

1.  The proposition stated in the first sentence of the refused instruction, that the plaintiffs must show that Frank Conrad was dead and that he did not leave surviving wife, or children, or descendants of either, was fully given in the charge of the court, and the jury must have found that such proof was made in order to reach the conclusion expressed in their verdict. The other sentence of the requested charge contains the proposition that the presumption was not authorized, in the absence of evidence, that Frank Conrad left no surviving wife or child or the descendants of either. This evidently meant that such presumption could not be indulged, even if the jury should find, as they must have found, if they accepted the evidence for plaintiffs, that Frank Conrad disappeared when he was 14 to 16 years of age and was never afterwards heard of, and therefore indulged the presumption of his death.

There is respectable authority for the proposition that, where an unmarried man disappears and is unheard of for so long a time as to warrant the presumption of his death, the further presumption that he continued unmarried and died without issue is authorized. Shown v. Mackin, 42 Am. Rep., 684, citing Rowe v. Hasland, 1 W. B., 404; Doe v. Griffin, 15 East, 293. Other authorities state that there is no such presumption. Abbott's Tr. Ev., pp. 85, 86; Whart. on Ev., sec. 1279, and cases cited. This apparent difference of opinion may disappear when the facts of the decided cases are closely analyzed, but it is unnecessary for us to critically examine the question as to presumption in the absence of evidence. Conceding that the plaintiffs must furnish evidence upon the point besides the mere presumed death of Conrad, we think there were circumstances from which the jury could have properly found, if they concluded that the facts warranted the presumption that Conrad was dead at the end of seven years from the date when he was last heard from in 1868, that he died unmarried and without issue. The facts that he died quite young, as presumed, that his relatives and friends who testified had never heard of his marriage, the absence of any claim made by wife or children during the long time which has passed in which both parties appear to have made diligent search for intelligence of him by inquiries and advertisements, all tend to the conclusion that he left no wife or child. Doe v. Griffin, 15 East, 293. The requested instruction added nothing to the general charge except the proposition that the jury could not presume the fact in question in the absence of evidence, and this was inapplicable to the case, since there was evidence, and would have been misleading, as the jury would probably have understood it to mean that they could not infer the fact that Conrad was not married and left no children from the facts before them, but that there must be testimony

of witnesses addressed especially to the question of marriage and issue.

2. Declarations such as those sought to be introduced from the testimony of the witness Achee have often been admitted upon issues involving pedigree, as tending to prove the identity and lineage of the declarant. Byers v. Wallace, 87 Texas, 503, and authorities cited. And some authorities hold such declarations to be admissible for the purpose of proving identity and kinship where an inquiry as to them is being made, whether the issue be one of pedigree or not. Mullery v. Hamilton, 71 Ga., 720; Jackson v. Etz, 5 Cow., 320; 1 Greenl. on Ev., 114g, and cases cited. This principle, however, is an acknowledged exception to the more general one which excludes hearsay, and one of the conditions upon which such evidence may be received is that the declarant must be dead. These authorities can not, therefore, be said to authorize the admission of such a declaration as evidence of the existence of the facts declared, when the party who made it is still alive. In the class of authorities above referred to, the statements were admitted as evidence to prove the truth of what was said, and a different question is presented when the mere fact that the declaration was made is a circumstance tending to throw light on the inquiry. Where such is the case, evidence to prove the making of the declaration may be received from anyone who heard it made, and this kind of evidence does not come within the definition of hearsay. The evidence in question is thought by the court to fall within this principle. The mere fact that a party bearing the name of Conrad made such a declaration is regarded as a circumstance to be weighed by the jury in connection with the other evidence for the purpose merely of determining his identity, although his declaration is not to be taken as evidence to prove the truth of what he said. In the opinion of the court, such statements made by a party, before any controversy had arisen, in his ordinary intercourse with those by whom he is surrounded, occurring naturally as a part of his daily life and conduct, and being the means by which people generally learn and act upon his identity and antecedents, afford circumstantial evidence tending to show who he is. They are of a character not inherently different from his statement as to his name, etc. Evidence of a somewhat similar character has been admitted in a number of Texas cases: Howard v. Russell, 75 Texas, 171; McNeil v. O'Connor, 79 Texas, 227; Hickman v. Gillum, 66 Texas, 314; Baker v. McFarland, 77 Texas, 294; Chamblee v. Tarbox, 27 Texas, 139; Odom v. Woodward, 74 Texas, 41. In these cases, the parties who made the declarations were dead before the trial, but that fact is not thought by the court to affect their admissibility for the limited purpose just explained.

The conclusion reached by the court is, that while Conrad's statement that he was born at Woodville and that he was the son of Fred and Mary Conrad can not be regarded as evidence of those facts, in the absence of proof of his death, yet the fact that he made the declaration and possessed the knowledge that it disclosed is a circumstance

tending to establish his identity, which the defendant was entitled to lay before the jury.

3. The evidence of Mrs. Englander was properly excluded because the communication was made to her after suit was commenced. It is a limitation upon the admission of declarations to prove pedigree, matters of public and general interest, boundaries, and like facts, that such declarations must have been made ante litem motam. In inquiries concerning a person who has disappeared, for the purpose of determining whether or not his death should be presumed, evidence that he has not been heard from is admissible to show the state of facts out of which such presumption may arise; and, on the other hand, evidence that he has been heard from has often been admitted to exclude the presumption. Prudential Association v. Edmonds, 2 L. R. App. Cases, 487; Norris v. Edwards, 90 N. C., 382; Keech v. Rinehart, 10 Pa. St., 240; Dowd v. Watson, 105 N. C., 476; Smith v. Smith, 49 Ala., 156; Flynn v. Coffee, 12 Allen, 133. In cases where this character of evidence is admitted, the fact to be proved is that the party has not been heard from, and evidence that he has or has not is therefore not considered to be within the rule which excludes hearsay evidence. Our statute (article 3372) is so worded, however, as to make it somewhat questionable whether or not the same rules of evidence apply under it as are recognized where the rule upon which the presumption of death arises is differently expressed, as it is in most of the decisions which we have examined. French v. McGinnis, 69 Texas, 19; Smothers v. Mudd, 9 B. Mun., 490; Smith v. Smith, 5 N. J. Eq., 484; Wambough v. Schenck, 2 N. J. L., 388; Osborn v. Allen, 26 N. J. L., 388; Hoyt v. Newbold, 16 Vroom, 219, same case, 46 Am. Rep., 757. In the Kentucky case cited it was held, under a statute the language of which is identical with that of ours, that evidence that the absent party had been heard from was not admissible, but that the fact that he was living must be shown by evidence of the fact other than hearsay; and some of the New Jersey cases tend to the same view. We do not, however, find it necessary to place our decision on so broad a ground nor to intimate an assent to this view. We rest the decision, as to the admissibility of the evidence offered, upon the proposition that such declarations made post litem motam are not competent. No authority has been cited or found in which this limitation has been put upon the admission of declarations on such an issue, but we think the same reasons which exclude such evidence to prove pedigree and other facts above referred to apply here. In Stein v. Bowman, 13 Peters, 220, a case of pedigree, it is said: "The declarations offered as evidence were made subsequent to the commencement of this controversy, and, in fact after the suit was commenced.

"It would be extremely dangerous to receive hearsay declarations in evidence respecting any matter, after the controversy has commenced. This would enable a party, by ingenious contrivances, to manufacture evidence to sustain his cause. By interrogatories propounded in a

cautious manner to unsuspecting individuals, he might elicit the answers he most desired.

"It is therefore essential, when declarations are offered as evidence, that they should have been made before the controversy originated, and at a time and under circumstances when the person making them could have no motive to misrepresent the facts."

The reasoning of the court applies in its full force to the declarations of Holman, and it follows that the exclusion of them was proper. The judgment is reversed because of the exclusion of Achee's evidence, and the cause is remanded.

*Reversed and remanded.*