MRS. S. P. MATTHEWS, NEXT FRIEND, v. E. EPPSTEIN & Co.

Decided April 16, 1904.

1.—Fraudulent Conveyance—Evidence—Disparagement of Title.

Where a creditor had subjected to his claim certain land the title to which was in the name of J. D., the debtor, and suit was brought therefor on behalf of a minor son of the debtor, having the same name as the father, upon the claim that the minor was the person named and intended in the deed of the land, evidence of declarations by the father to the effect that the property was his, and that he wished it put out of the way of his creditors, was admissible and could not be excluded on the ground that such declarations were in disparagement of the son's title,—the material issue being as to the identity of the grantee in such deed.

Appeal from the District Court of Montague. Tried below before Hon. D. E. Barrett.

*W. T. Russell* and *C. M. Templeton,* for appellant.

*J. M. Chambers* and *Etheridge & Baker,* for appellee.

CONNER, CHIEF JUSTICE.—Appellant, as next friend of J. M. Dickson, Jr., a minor, instituted this suit against appellee to recover lot 20, in block 15, in the town of Nocona, Montague County. Appellees claim by virtue of a regular judgment, execution sale, and sheriff's deed, against J. M. Dickson, the father of said minor. Appellant, who was the grandmother of J. M. Dickson, Jr., claimed by virtue of a deed from one D. C. Hart to J. M. Dickson, and testimony to the effect that the J. M. Dickson named as grantee in the deed was intended as said minor, or that, if intended as J. M. Dickson, Sr., the father of the minor, that it was held by the father in trust for his said son. Appellant Matthews testified that in January, 1901, she gave to J. M. Dickson, Sr., $500 in cash, to be invested as he thought best for the interest of her said grandchild, and that the property in controversy was bought with part of said money. The testimony of J. M. Dickson, Sr., was to the effect that his minor son was born September 29, 1900; that in January, 1901, he bought the property in question with the money given to him by his son's said grandmother, directing that the deed should be made in the name of the minor, but that the transaction was closed over the telephone from Nocona to Chickasha, I. T., where Hart resided, and that when the deed was received, about January 8, 1901, he found that it had been made without any designation indicating that the grantee was the son rather than himself, and that because of this fact he did not have the deed recorded. Hart's agent in the town of Nocona, however, who closed the transaction, and who did the talking over the telephone, testified that he had no recollection that at the time the trade was closed J. M. Dickson, Sr., told him the purchase was for his son, or directed him to have the deed made to the son, but said that he called up Hart at Chickasha and told him that he had sold the property to J. M. Dickson, who it appears was well known to Hart, and that within a few

days the deed came, and that he took it to J. M. Dickson, who read it over, paid the balance of the purchase money and made no complaint about it at the time, as to the name or in any other particular.

The judgment was in favor of the appellees, and the sole material question presented on this appeal relates to appellant's objections to the following further evidence offered in behalf of appellees, to wit: One C. N. McNew testified that at the time of the sale of the property in question he was renting the property from Hart, and thereafter rented from J. M. Dickson, Sr., paying him the rent therefor. That a few days after the sale J. M. Dickson, Sr., told the witness that he wanted him to vacate the premises; that he was going to open up a grocery store in the house situated on the lot, but J. M. Dickson having abandoned such purpose, he thereafter continued to rent the lot from him. That J. M. Dickson, Sr., did not tell the witness that the property belonged to his said son. George S. March testified that some time after the sale of the property in question J. M. Dickson, Sr., came to the witness in Nocona and stated that he had been sued in the County Court of Montague County by one Alice Holt, upon a liquor dealer's bond, and that he wanted him (the witness) to sell the property before the Holt suit was tried. The court papers in said suit were also introduced in evidence.

It is insisted that the testimony referred to is irrelevant and immaterial and inadmissible as against the minor; that the acts and declarations of the witness J. M. Dickson, Sr., can not be received in disparagement of the minor's title. Ordinarily the objections made would be undoubtedly well taken, but the material issue before the court was as to the identity of the grantee in the Hart deed. The testimony of Hart was not offered, and we think the testimony to which appellant objected was admissible on the issue of such identity. Had it been first shown that the conveyance was intended to be to the minor son, then the acts and declarations of the father would have been inadmissible to disprove the title conveyed. The real question, however, in this suit was, who was the grantee in fact, J. M. Dickson, Sr., or J. M. Dickson, Jr.? And in the ascertainment of this fact the acts and declarations of the parties at the time and illustrative thereof were admissible. See Hickman v. Gillum, 66 Texas, 314; McCamant v. Roberts, 80 Texas, 316; Nix v. Cole, 29 S. W. Rep., 562; Schott v. Pellerim, 43 S. W. Rep., 945; Nehring v. McMurrian, 94 Texas, 51.

No other question having been presented, and the evidence being in our opinion sufficient to sustain the judgment, it is ordered that it be affirmed.

*Affirmed.*

Speer, Associate Justice, did not sit in this case.

Writ of error refused.