## ARDOIN et al. v. COBB.

(Court of Civil Appeals of Texas.   March 22, 1911.   Rehearing Denied April 19, 1911.)

1. APPEAL AND ERROR (§ 232*)—QUESTIONS REVIEWABLE—RULINGS ON EVIDENCE—OBJECTIONS IN TRIAL COURT.

A party complaining on appeal of the admission in evidence of a deed is confined to the objections raised in the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1430;  Dec. Dig. § 232.*]

2. EVIDENCE (§ 372*)—ANCIENT INSTRUMENTS —ADMISSIBILITY.

A deed 30 years old, when offered in evidence, presumably comes from the proper custody and has the character of an ancient instrument, though not recorded for 30 years or at all, and though it was not 30 years old when the suit was brought.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1613–1627;  Dec. Dig. § 372.*]

3. EVIDENCE (§ 353*) — RECITALS — ANCIENT DEEDS.

In trespass to try title, plaintiff relied on a deed constituting an ancient instrument which described the grantor as the surviving widow of the grantee of the patentee and which recited that she had filed her inventory and appraisement of the community property with the records of the county to enable her to control the community property. The rights of the surviving widow had never been questioned, and a deed by the heirs of the grantee received in evidence without objection recognized the death of the grantee and the control and management of his estate by the widow. Certified copies of substituted papers of the inventory and appraisement of the community property granted by the court were received in evidence. Held, that under the rule that recitals in ancient deeds as to marriages, births, or deaths, and relationship, are admissible to prove such facts, the recitals in the deed were evidence of the marital relation between the grantee of the patentee and the alleged surviving widow.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1411;  Dec. Dig. § 353.*]

Error from District Court, El Paso County;  A. M. Walthall, Judge.

Action by Zach Lamar Cobb against Theo W. Ardoin and another. There was a judgment for plaintiff, and defendants bring error.   Affirmed.

Leigh Clark and Morris & Gillett, for plaintiffs in error.   Z. L. Cobb, pro se.

FLY, J.   This is an action of trespass to try title instituted by Z. L. Cobb against Theo W. Ardoin and Eli Ardoin, to recover a tract of land known as survey 51 in section No. 1 in El Paso county. A trial by the court resulted in a judgment in favor of Cobb.

Plaintiff, Cobb, showed that the land was patented to W. C. Stanley on December 22, 1856, and that Stanley sold the land to Thomas B. Huling, and then, over the objection of defendants, he introduced in evidence a deed from Elizabeth Huling, described in the deed as "surviving widow of Thos. B. Huling, dec'd, late of Lampasas,"

and in which deed it is recited that she "did file her inventory and appraisement of the community property of said husband and herself in the records of said county as required by law to enable her to control and manage said community property." In connection with recitals in the deed, plaintiff placed in evidence an application on the part of Elizabeth Huling to the district court of Lampasas county, on May 18, 1873, to substitute the inventory and appraisement of the community estate of herself and husband, which it was alleged were destroyed by fire, and the order was granted making the substitution and that the papers be recorded. Certified copies of the substitute papers were placed in evidence. Plaintiff also introduced a release or deed by parties describing themselves as heirs of Thomas B. Huling, to lands belonging to the estate of Thomas B. Huling. Unless the recitals in the instruments be taken as evidence of marital relationship between Thomas B. Huling and Elizabeth Huling, there was no proof of that very essential fact.

It does not appear that the rights of survivorship of Mrs. Huling were ever questioned, if her marriage to Thomas B. Huling was shown; but, on the other hand, in a receipt, lease, or deed given by persons claiming to be the heirs of Thomas B. Huling, dated February 25, 1876, and duly acknowledged, the death of Thomas B. Huling is recited, and the control and management of his estate by Elizabeth Huling is fully recognized. In addition, survivorship proceedings were had in the probate court of Lampasas county. The conclusion is irresistible the Elizabeth Huling was the surviving wife of Thomas B. Huling. The release mentioned was admitted without objection from the defendants, and the matters therein recited, though hearsay, would prove the facts recited.

Plaintiffs in error made objections to the deed by Elizabeth Huling on the grounds that there was no proof that she was the surviving wife of Thomas B. Huling, and that there was no proof that she executed the deed.

[1] To those objections plaintiffs in error will be confined, and they cannot now urge the objections that copies of ancient instruments are only admissible when they have been filed as provided by statute and upon affidavit of loss of the originals; nor that it was not shown that the instruments came from the proper custody. The record does not indicate that a copy of the deed of Elizabeth Huling was used; but, on the other hand, it states that "the plaintiff offered deed from Elizabeth Huling, surviving widow of Thomas B. Huling, to W. C. Phillips, dated 30th day of March, 1877, and filed for record February 19, 1878, in volume 1, page 78," and the inference would be that the original was placed in evidence. In the absence of objections on that score at the

trial, plaintiffs in error will be held to have acceded to the proposition that there were no objections to the admissibility of the deed except those urged by them.

[2] The deed of Elizabeth Huling was executed in 1877, and consequently when offered in evidence was 33 years old and presumably came from the proper custody, and that would give it the character of an ancient instrument, even if it had not been recorded for 30 years, or even though it had not been 30 years old when the suit was instituted and had not been recorded for 30 years, or at all. Bass v. Sevier, 58 Tex. 567; Mackey v. Armstrong, 84 Tex. 159, 19 S. W. 463.

It is held in the case of Roche v. Lovell, 74 Tex. 191, 11 S. W. 1079, that neither the recitals in court proceedings when a qualification as survivor is had, nor in the deed of the survivor to her vendee, are evidence of the fact that property belongs to the community; but no point was raised in the trial court in this case as to the community character of the property, the sole objection to the deed being that it had not been shown, aliunde the recitals in the deed, that Elizabeth Huling was the wife of Thomas B. Huling. In the absence of anything to the contrary, the presumption would obtain that the property belonged to the community.

There is no intimation in the case of Roche v. Lovell that the deed made by the survivor was an ancient instrument, and, on the other hand, it must not have been because if, as in that case, there was no question about the marital relation having existed at the time of death of the husband, the law would presume the power to execute the deed if it was an ancient instrument. Watrous v. McGrew, 16 Tex. 513; Veramendi v. Hutchins, 48 Tex. 531; Harrison v. McMurray, 71 Tex. 122, 8 S. W. 612; Garner v. Lasker, 71 Tex. 431, 9 S. W. 332.

The deed of Elizabeth Huling has never been questioned and for over 30 years has formed the link in a chain of title, and in an instrument over 35 years old executed by persons representing themselves as heirs of Thomas B. Huling, deceased, they acknowledge having received $5,768 worth of land from Elizabeth Huling in full of all their claims upon the estate of Thomas B. Huling, who is described as being dead, and convey unto her all lands not discovered belonging to the estate. That instrument was properly signed and acknowledged, and duly recorded in Lampasas county. The dealings of those parties with Elizabeth Huling can be accounted for upon one ground alone, that of her survivorship. The instrument in question was admitted without objection on the part of plaintiffs in error, and, when taken in conjunction with the court proceedings in 1866 and the recitals in the deed of 1877, would raise the presumption that Thomas B. Huling was dead in 1866, and that Elizabeth Huling was his widow. No question

was raised in the trial court as to the property not belonging to the community estate.

It is the general rule that recitals in deeds and other instruments in writing are not binding upon any but the makers of the instruments and their privies. In Devlin on Deeds, § 996, it is stated: "A recital in a deed that the grantors are the widow and heirs of a person who has a record title is not competent evidence of the truth of the matters recited against a stranger." And the case of Costello v. Burke, 63 Iowa, 361, 19 N. W. 247, is cited in support of the text. In that case it is held: "The conveyances introduced show that John Bennington was vested with the title, and there is no competent evidence that it has ever passed from him. The recitals in the deed to William Costello that the grantors therein are the heirs at law of John Bennington, deceased, are not competent evidence either of his death or their heirship. These recitals are no part of the conveyance, and they are no more competent as evidence of the facts stated than they would be if embodied in any other writing signed by the parties. Neither are the recitals in the judgment in the case against Edinbum competent evidence of these facts. The defendant in this case is a stranger to that record. The adjudication is not binding on him, and the record is not competent evidence against him."

But there are exceptions to the rule although not mentioned in the decision; among the number being that recitals in ancient deeds as to marriages, births, or deaths, and relationship are admissible as tending to prove those facts. Although the exception mentioned has been sustained by some cases, there is an inconsistency in some of them basing the admissibility of the recitals on the ground that matters of pedigree can be proved by the declarations of members of the family. This appears in the case of Young v. Shulenberg, 165 N. Y. 385, 59 N. E. 135, 80 Am. St. Rep. 730, where it is stated: "Pedigree is the history of family descent, which is transmitted from one generation to another by both oral and written declarations, and unless proved by hearsay evidence it cannot, in most instances, be proved at all. Hence declarations of deceased members of a family, made ante litem motam, are received to prove family relationship, including marriages, births, and deaths, and the facts necessarily resulting from those events. * * * Recitals in an ancient deed, admissible in evidence without proof of cotemporaneous possession, may be proved as against persons who are not parties to it and who do not claim under it."

The admission in evidence of the recitals as to a pedigree of inheritance in an ancient instrument should perhaps be based on the ground of its age, and the presumption that better evidence cannot be obtained,

and not on the rules as to the declarations of dead relatives as to the history and genealogy of the family, although many decisions hold differently. The true rule is thus clearly set forth in the case of Fulkerson v. Holmes, 117 U. S. 389, 6 Sup. Ct. 780, 29 L. Ed. 915: "After a lapse of 61 years we think these circumstances were sufficient to prove that Samuel C. Young was a member of the family of Samuel Young, and that the declaration of the former deliberately made in an ancient writing, signed, sealed, witnessed, acknowledged, and recorded, to the effect that the declarant was the only child and heir of Samuel Young, and that the latter was dead, was of right admitted as evidence tending to prove the facts so recited." Again in the case of Deery v. Cray, 72 U. S. 795, 18 L. Ed. 653, it is said, on the same subject: "That recitals of this kind in an ancient deed may be proved as against persons who are not parties to the deed, and who claim no right under it, is too well settled now to admit of controversy."

Now, in the case of Chamblee v. Tarbox, 27 Tex. 139, 84 Am. Dec. 614, the instrument did not seem to be an ancient instrument; but recitals of the character of those in question were held to be admissible on another ground. The court said: "Recitals in deeds are, ordinarily, said to be evidence only against parties and privies; but when the recital is of a matter of pedigree, which includes the facts of birth, marriage, and death, it may be used as original evidence even against strangers." That decision has been cited with approval in a number of cases. Irvin v. Bevil, 80 Tex. 332, 16 S. W. 21; Auerbach v. Wylie, 84 Tex. 615, 19 S. W. 856, 20 S. W. 776; Nehring v. McMurrian, 94 Tex. 45, 57 S. W. 943; Summerhill v. Darrow, 94 Tex. 71, 57 S. W. 942.

None of those cases, however, treat of recitals in ancient deeds, and we have seen no Texas case that directly bears upon that question, with the possible exception of Williams v. Hardie, 21 S. W. 267, which was decided by the Court of Civil Appeals of the Second Supreme Judicial District, and Tucker v. Murphy, 66 Tex. 355, 1 S. W. 76, which are hereinafter referred to and reviewed. In the cited case of Auerbach v. Wylie, the recitals in a deed dated in 1851, as to the identity of one of the grantees, were held to be evidence of the fact, and it is said: "For the purposes of identification, recitals in deeds are admissible as original evidence when including facts of birth, marriage, and death." While the deed in question was an ancient instrument, the recitals, in terms, are not held to be evidence on the ground of antiquity. Again, in the case of Russell v. Oliver, 78 Tex. 11, 14 S. W. 264, it was held that a recital in a deed that the grantor was the husband and sole heir of Rhoda Yarbro was proof of the identity of the

grantor. The age of the deed is not mentioned.

In the case of Tucker v. Murphy, 66 Tex. 355, 1 S. W. 76, a link in the chain of transfer through which the plaintiff claimed was made on May 29, 1854, and was about 32 years old at the time the decision was rendered, and in that deed it was recited that the maker of the deed was the administrator of the estate of Jacob Aaron, the original owner of the land certificate, that he had applied for and obtained an order to sell the certificate from the probate court of Goliad on April 24, 1854, that he had made the sale, and that the same was confirmed by the court. There was no other proof of those facts, and the court held: "It is true that ordinarily, after the lapse of 30 years, the power of a person who assumes to have executed a deed under power from another, or in a fiduciary capacity, will be presumed. This, however, is but a presumption of fact, which is indulged upon the idea that time has made it impracticable to make such proof of the actual existence of the power, as may be made in regard to matters recently transpiring. Whether such presumption will or may be indulged in a given case must depend on the facts. In one case the facts in relation to a deed, purporting to have been executed under a power, may be such as to preclude the idea that there still exists means, other than such as the deed itself affords, and the acts of the parties claiming under or adversely to it long continued present, whereby to prove actual existence of the power, and in such a case the power will be presumed. In another case the deed may be shown to have been executed under a power, but under such circumstances that the primary proof of the existence of the power must be presumed to exist. In such case the failure to produce such primary proof, or to show that it cannot be produced, would seem to require the holding that the evidence of the existence of the power, which arises from the ancient character of the instrument, and the action of those interested under or adversely to it, is not sufficient proof." The court then held that the recitals in that case could not be taken as evidence of the fiduciary character of the grantor because the deed itself showed the existence of better evidence in the records of the probate court of Goliad county. It approved the principle, however, that the recitals in an ancient instrument will be taken ordinarily as proof of the fiduciary character of the grantor, and it is therefore directly in point in this case on that question.

We have not doubted that there is ample authority in Texas decisions for the proposition that a power to execute a deed recited therein will be presumed in case the deed is an ancient instrument, and the only difficulty that presented itself has been as to the presumption of the fact of the death of the husband and of his marriage to the person describing herself as his widow. We think the decisions cited as to recitals in deeds being evidence of relationship, marriage, birth, and death, fully established the proposition that such recitals in ancient instruments will be evidence of those matters, and, they being established, the presumption would be indulged that the power to act, as recited, existed even though there had been no direct proof of the qualification of Mrs. Huling, as there was in this case.

We think the case of Williams v. Hardie, 21 S. W. 267, is in point, and in that case it was recited in an ancient instrument that Sarah Corzine was the administratrix of the estate of Shelby Corzine, and that the consideration for the deed was a bond for title given by her husband. There was proof, however, that the administration had been closed, and the Court of Civil Appeals of the Second District said: "It has long been held that, where a conveyance would be competent evidence as an ancient deed without proof of its execution, the power under which it purports to have been executed will be presumed; and we think it may be considered as established in this state that the recital in such a deed of facts equivalent to a power of attorney will be given like effect. * * * It is true the conveyance purports to have been made by Sarah Corzine as administratrix, by virtue of the authority conferred by the probate court of San Augustine county, and not as survivor in community, which purported authority, under the conclusions of fact found above, must be held wholly insufficient. The deed, however, recited the existence of the community obligation as the foundation of the authority derived from the probate court, and the surrender and cancellation of that obligation is the consideration and result of the conveyance made." A writ of error was granted, and the case is reported from the Supreme Court under the style of Heirs of Shelby Corzine v. Williams, 85 Tex. 499, 22 S. W. 399. The judgment of the Court of Civil Appeals was reversed, but not on the ground of error in the ruling that the presumption of power to execute the deed would arise from recitals as well as the fact of survivorship, but on the ground that the presumption in question was destroyed by another presumption. The Supreme Court said: "Here we have a case in which the husband had been dead more than 15 years when the wife assumed to convey the community property in discharge of an obligation against the common estate. In the meantime she had taken out letters of administration upon the estate, it had been partitioned, either in whole or in part, and the administration had been closed; and we think her power over the community as survivor for any purpose ought to be

held to have ceased. And in this case, at least, it would seem that any presumption of power which should be indulged by reason of lapse of time, as to her power to make the conveyance, would be met by the counter presumption that she had fully administered the estate and exhausted her power over the community property." The Supreme Court recognized the rule, but held that it was overridden by the circumstances of that case, as was held in the case of Tucker v. Murphy.

The instrument made by the heirs of Thomas B. Huling conveyed certain property to her, and, if it had not been proved that Elizabeth Huling was the survivor of Thomas B. Huling, it vested the title of the heirs in her and connected her vendees with the title of Thomas B. Huling. No objection was urged to that instrument by plaintiffs in error, and it is simply ignored in their brief. It is admitted that the rest of defendant in error's chain of title is unbroken, and that he has a perfect title, with the exception of the deed of Elizabeth Huling.

An abstract of title was demanded of plaintiffs in error, in the court below, and was as follows:

"First. That their title consists of the actual pedal possession of said land.

"Second. That their title consists of the actual pedal possession of said land under the three, five, and ten years' statute of limitation, and possession of the same, for said periods of time.

"Third. That their title consists of the right to the land in controversy by reason of the same having accreted to defendants, in this, that the land in controversy accreted to the land aforetime and now owned by defendants and not claimed by plaintiffs.

"Fourth. The defendants' title to the land in controversy as against plaintiff is that said land by either accretion or erosion, or by a change in the channel of the river, was added to and connected with the land owned by the defendants.

"Fifth. That defendants also rely upon their possession of said land as against any title the plaintiff can or may be able to show in proof.

"Sixth. That their title consists of the actual possession of said land, and their possession is relied on as superior to the title of plaintiff, who does not hold and cannot show the legal or superior title to the same."

There was an utter failure to show any title by limitation, or by accretion, whatever kind of title that may be; but the evidence showed that plaintiffs in error were naked trespassers, with no claim whatever to the land in controversy. Limitation was not pleaded.

The judgment is affirmed.