## SOVEREIGN CAMP WOODMEN OF THE WORLD v. RUEDRICH.

(Court of Civil Appeals of Texas. San Antonio. May 21, 1913. Rehearing Denied June 18, 1913.)

1. CORPORATIONS (§ 514*)—ACTIONS—ALLEGATIONS AND DENIAL OF CORPORATE EXISTENCE.

Under Rev. Civ. St. 1911, art. 1906, subd. 7, providing that an answer setting up that plaintiff or defendant alleged in the petition to be duly incorporated is not incorporated as alleged must be verified by affidavit, where the allegation of the petition that defendant was duly incorporated was not denied by a sworn plea, plaintiff was not required to prove defendant's corporate existence.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2052–2081; Dec. Dig. § 514.*]

2. APPEAL AND ERROR (§ 204*)—RESERVATION OF GROUNDS OF REVIEW—NECESSITY OF OBJECTIONS.

In an action on a benefit insurance certificate, where no objection was made at the trial to the manner of proving the loss of the certificate and its contents, no question could be raised relative thereto on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1149, 1258–1272, 1274–1278, 1280, 1569; Dec. Dig. § 204;* Trial, Cent. Dig. § 172.]

3. LOST INSTRUMENTS (§ 23*)—MUTUAL BENEFIT INSURANCE—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action on a mutual benefit certificate, evidence *held* sufficient to show the loss of the certificate and its contents.

[Ed. Note.—For other cases, see Lost Instruments, Cent. Dig. §§ 51–57; Dec. Dig. § 23.*]

4. DEATH (§ 2*)—PRESUMPTIONS AS TO DEATH FROM ABSENCE.

Under Rev. Civ. St. 1911, art. 5707, providing that any person absenting himself beyond sea or elsewhere for seven years successively shall be presumed to be dead in any cause wherein his death may come in question, unless proof be made that he was alive within that time, the presumption arises upon proof of absence of a person from his home for seven years without showing that he has not been heard from during that time, although it can be destroyed by proof of his existence within that time.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 1–3; Dec. Dig. § 2.*]

5. DEATH (§ 2*)—PRESUMPTIONS AS TO DEATH FROM ABSENCE.

In an action on a benefit insurance certificate, evidence that insured, whose domestic relations were of a pleasant character, and who was kind and affectionate and fond of his wife and children, left his home stating that he was going to consult a doctor and would be back that night or the next day, that for seven years he was not heard from, although he was sought by his wife and others, raised a presumption of his death at some time during the 7 years, since under Rev. Civ. St. 1911, art. 5707, providing that any person

---

absenting himself beyond sea or elsewhere for seven years successively shall be presumed to be dead, unless proof be made that he was alive within that time, it is not necessary to show an absence beyond seas or outside the state; absence from his home being sufficient.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 1–3; Dec. Dig. § 2.*]

Appeal from District Court, Guadalupe County; M. Kennon, Judge.

Action by Helene Ruedrich against the Sovereign Camp Woodmen of the World. Judgment for plaintiff, and defendant appeals. Affirmed.

Augustus McCloskey and E. D. Henry, both of San Antonio, for appellant. Emil Mosheim and H. M. Wurzbach, both of Seguin, for appellee.

FLY, C. J. Appellee sued appellant for $1,000 alleged to be due on a certificate of insurance issued by appellant. It was alleged that appellant "is a fraternal and beneficial association duly licensed to do business in the state of Texas and incorporated under and by virtue of the laws of the state of Nebraska, and has complied with the laws of the state of Texas in appointing the Commissioner of Insurance of the state of Texas as the person on whom process may be served in any suit in which such association may be a party, and plaintiff represents that Hon. B. L. Gill is Commissioner of the Department of Insurance and Banking and resides at Austin, in Travis county, Tex., and upon whom service is prayed to be had." It was further alleged that appellee was the wife of Richard Ruedrich, who became a member of appellant's association, and a certificate was issued to him for $1,000, payable to appellee upon the death of her said husband; that on or about November, 1901, he mysteriously disappeared, and that she has heard nothing of him since that time; that he had paid all his dues and was in good standing in said association when he disappeared. Appellant filed a general demurrer and general denial. The cause was tried by the court and resulted in a judgment for appellee in the sum of $1,000.

[1] Appellant did not, by sworn plea, deny its corporate existence as alleged in the petition, and cannot be heard to raise that question in this court, as is sought to be done through the first assignment of error. The statute is plain that an answer setting up "that the plaintiff or the defendant, alleged in the petition to be duly incorporated, is not duly incorporated as alleged" must be verified by affidavit. Article 1906, subd. 7, R. S. 1911. Unless such verified plea be filed, it is not necessary to prove the existence of the corporation. Willis v. Smith, 17 Tex. Civ. App. 543, 43 S. W. 325; Railway v. Fulmore, 26 S. W. 238.

[2, 3] No objection was made in the trial court to the manner of proving the loss of the certificate and its contents, and appellant cannot raise that question in this court. The evidence showed that Paul Ruedrich was a member of appellant's association and had paid his dues, and that he had a certificate for $1,000, which was lost or misplaced. Appellee testified: "The last time I saw my husband was the 6th day of November, 1901. At that time he was a member of the Woodmen of the World. I have not his certificate of membership. * * * At the time my husband left he was a member in good standing' in this order of the Woodmen of the World. * * * My husband was insured for $1,000 in the Woodmen of the World." She testified that some of her husband's papers were lost and she could not find the certificate, but that she had seen it and that it was for $1,000. Alf. Hartmann swore: "Mr. Ruedrich joined the Woodmen of the World when he was very young. These amounts on these receipts would indicate that he was insured for $1,000." Receipts for dues were put in evidence. The evidence was sufficient, and the second, third, and fourth assignments of error are not sustained.

The evidence showed that Richard Ruedrich, being sick, left his home and family, consisting of a wife and five children, in Guadalupe county, on November 6, 1901, stating that he was going to consult a doctor and would be back that night or the next day. He was never afterwards seen by his family. He was shown to be kind and affectionate and fond of his wife and children. Search was made for him, but nothing was ever known of what became of him, unless a decomposed body, found in San Antonio a few months after he left home, was his.

[4] It is provided in article 5707, R. S. 1911: "Any person absenting himself beyond sea or elsewhere for seven years successively shall be presumed to be dead, in any cause wherein his death may come in question, unless proof be made that he was alive within that time. * * *"

In the case of State v. Teulon, 41 Tex. 249, the Supreme Court said: "It is a rule of the common law that death may be presumed from absence for seven years without having been heard of. But this is when the party whose death is in question has been absent from his last known place of residence or domicile, without any knowledge or information being had of him by his friends and relations, or among those who were acquainted with him, or who for some reason it should be supposed would have heard from or about him, if living. This common-law rule has, to some extent, been changed by our statute, * * * which says any person absenting himself beyond sea or elsewhere for seven years successively shall be presumed to be dead, in any case wherein death may come in question, unless proof be made that he is living."

Under the common-law rule it was necessary to show that the absent one had not been heard from by his relatives or friends for seven years, but under the statute mere proof of absence of one from his home, beyond the sea or elsewhere, for seven successive years raises a presumption of death, which can be destroyed by proof of the existence of the absent one within that time. In the case of French v. McGinnis, 69 Tex. 19, 9 S. W. 323, the following charge was given by the trial court and approved by the Supreme Court: "If the plaintiffs have satisfied you that said Joseph McGinnis was dead at or before the institution of this suit, or that said McGinnis had absented himself beyond the sea, or elsewhere, for seven successive years, and if the evidence does not show that he was alive within that time, then you will find your verdict for the plaintiffs." The court said: "The appellants insist that this charge was error because it was not qualified by stating that the absence must be from his home, and was without qualification as to whether he had been heard from or not during the seven years. The charge is in the language of the statute (Rev. Stats. art. 3221) and is correct." See, also, Nehring v. McMurrian, 94 Tex. 45, 57 S. W. 943.

[5] The facts in this case do not show that Richard Ruedrich left his family to go to another state or another county or town to reside, but he left with the expressed intention of returning on that or the following day. He did not return, and no one testifies to seeing him afterwards, nor was he ever heard from again. These facts easily distinguish this case from such cases as Ross v. Blount, 25 Tex. Civ. App. 344, 60 S. W. 894, and Latham v. Tombs, 32 Tex. Civ. App. 270, 73 S. W. 1060. There is nothing in the Texas statute to require proof of an absence from the state in every instance, but proof of absence from relatives and friends, with nothing to indicate that he is living in seven years, is sufficient. If he disappears for seven years, and his friends, relatives, or acquaintances have no knowledge of where he went, and no message from or about him, the presumption that he is dead is as strong as though he was shown to be beyond the seas. The case of Turner v. Sealock, 21 Tex. Civ. App. 594, 54 S. W. 358, cited by appellant, does not hold differently, but in that case the person whose death was sought to be proved moved from Virginia to Texas, and it was held that evidence that he had not been heard from since he left Virginia was not sufficient to show death. There was nothing to show absence from his home in Texas, and of course, the case was not brought within the terms of the Texas statute. Under the construction of the statute contended for by appellant, if a person disappeared near the line between this and some other state, and he was seen at the line going into the other state and was not heard of again for seven years, he would be considered dead; but if he was seen last going towards the capital of Texas, and was never again heard of, the presumption of his death could never arise. We do not think that the statute is subject to such construction.

The man, Richard Ruedrich, loved his home, his wife, his children, his domestic relations were of the most pleasant character, and no reason was shown for his abandonment of his home and his family, and all the circumstances point to the conclusion that if living he would have returned to them as he promised to do. It is not necessary in order to raise this presumption that the removal should be beyond the seas or even to another state, but if he leaves his home and is gone for seven years, and there is no proof that he was living during that time, it will be presumed he is dead. Jones on Evidence, § 61. The presumption is based on the knowledge that persons will not ordinarily abandon a pleasant home and loved ones, and never communicate with them for a long period. Such conduct is uncommon and abnormal, and when it occurs will form a sufficient basis for the presumption that death has occurred. Appellee went beyond what is required in the statute and proved not only that her husband had disappeared but that she had sought for him and had others to do so, and had never heard a word of or from him. He passed out of his home and out of his family and social relations as completely as man ever did who had entered his grave. Rumors of him dead, not of him living, had come to his waiting wife and children, and a body, thought by an acquaintance to be Ruedrich's, was found, but which, on account of decomposition, could not be identified. The evidence meets the rule and raises the presumption that Richard Ruedrich died some time during the seven years after he left his home.

The judgment is affirmed.